**UNITED STATES of America ex rel. Alvin CLARK, Appellant,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

No. 14684.

United States Court of Appeals Third Circuit.

Argued Nov. 12, 1964.

Decided Dec. 30, 1964.

As Amended Jan. 15, 1965.

WILLIAM F. SMITH, Circuit Judge.

This appeal is from the dismissal of a petition for writ of habeas corpus filed under § 2242 of Title 28 U.S.C. The appellant, in custody pursuant to a judgment of the Court of Quarter Sessions of Allegheny County, Pennsylvania, sought his release on the ground that his conviction rested on illegally seized evidence which had been improperly admitted at his trial in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution. The court below held no evidentiary hearing but adopted as its own the facts as found by the said Court of Quarter Sessions and the Superior Court of Pennsylvania. However, since there was no genuine issue as to any of the material facts as found by the State courts, such a hearing was not required. Townsend v. Sain, 372 U.S. 293, 318, 319, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). We here adopt the same facts as the basis for our decision as to the reasonableness of the challenged search and seizure.

The court below made no determination as to the legality of the search and seizure in question but predicated the dismissal of the petition solely on the ground "that the exclusionary rule of Mapp v. Ohio, 367 U.S. 643, 655 [81 S.Ct. 1684, 6 L.Ed.2d 1081] (1961)" was not retroactively applicable. This view is not in accord with the decision of this Court in United States ex rel. Mancini v. Rundle, Superintendent, State Correctional Institution, Philadelphia, Pennsylvania, 3 Cir., 337 F.2d 268 (October 1964). We held in that case that where, as in the instant case, the judgment of conviction had not become final prior to Mapp v. Ohio, the exclusionary rule was applicable. This was likewise the holding of this Court in United States ex rel. Campbell v. Rundle, 3 Cir., 327 F.2d 153, 163, 164 (January 27, 1964). The decision of the court below was therefore erroneous.

### Material Facts

The events which ultimately led to the arrest of the appellant, and the subsequent search of a room which he occupied, began in Clairton, Pennsylvania,

---

Sheldon L. Albert, Philadelphia, Pa., for appellant.

Louis Abromson, Asst. Dist. Atty., Pittsburgh, Pa., Robert W. Duggan, Dist. Atty. of Allegheny County, Pittsburgh, Pa., for appellee.

Before BIGGS, Chief Judge, and FORMAN and SMITH, Circuit Judges.

on March 30, 1961, when the local police apprehended one Williams, who, upon search of his person was found in possession of a small quantity of heroin. When interrogated at police headquarters Williams informed the arresting officers that he had purchased the heroin from the appellant earlier in the day while in Rankin, Pennsylvania. The local police officers then communicated with the Allegheny County detectives and an agent of the Federal Bureau of Narcotics. At approximately three o'clock in the afternoon of the following day Williams, while in custody and at the instigation of the police, telephoned the appellant and made arrangements to purchase "two pieces" (heroin), delivery of which was to be made on a street in Rankin. At approximately seven o'clock in the evening the appellant was arrested as he approached the designated meeting place. Upon the search of his person there were no narcotics found.

After his arrest the appellant was brought to police headquarters at Clairton, where he was interrogated for almost three hours, at times in the presence of Williams. Thereafter, while the appellant remained in custody in the Clairton Police Headquarters, several of the arresting officers returned to Rankin, where they proceeded to a house at 205 Miller Street. There, they forcibly gained entrance to a room which had been rented by the appellant several days earlier. They searched the room and found a locked box, the key to which they had taken from the person of the appellant. Therein they found a quantity of heroin and other incriminating evidence, which were seized. The appellee concedes that the described search was made without a warrant and in the absence of the appellant.

## Criminal Proceedings

The usual criminal proceedings were initiated and in November of 1961, the appellant was tried and convicted on two bills of indictment, one charging the possession of heroin in violation of § 854 of Title 35 P.S.,[1] and the other charging the possession and sale of heroin in violation of the same section. (The cited statute was repealed as of January 2, 1962). The incriminating evidence obtained upon search of the appellant's room was offered and received at the trial. Notwithstanding the rule of admissibility which then prevailed under the law of Pennsylvania, appellant's counsel moved to exclude the said evidence on the ground that its seizure had resulted from an illegal search. The motion was denied.

After the appellant's conviction and before imposition of sentence his counsel promptly filed motions for a new trial and in arrest of judgment. However, it appears from the memorandum filed in support of the motions that appellant's counsel challenged as error the admission of certain testimony offered by the prosecution but failed to make any reference to the alleged illegal search and seizure. This failure is understandable because under the law of Pennsylvania, as it stood at the time of the appellant's trial and conviction, evidence obtained as the result of an illegal search was admissible. Commonwealth v. Chaitt, 380 Pa. 532, 112 A.2d 379, 381, 382 (1955); Commonwealth v. Dabbierio, 290 Pa. 174, 138 A. 679, 681 (1927). See also United States ex rel. Campbell v. Rundle, supra, 327 F.2d 160. Any motion based upon the alleged erroneous admission of illegally seized evidence would have been futile under the circumstances.

While the motions were pending the Supreme Court, on June 19, 1961, decided Mapp v. Ohio, supra. A month later the trial judge filed an order, accompanied by a written opinion, denying the motions. The opinion contained no reference to the alleged illegal search and seizure. On August 14, counsel for the appellant filed a "Renewal" of his earlier motions. Therein he challenged the verdicts on the ground that they were "against the law," and cited in support thereof Mapp v. Ohio. The renewal motion, although inartistically drawn, was sufficient to ac-

1. Now 35 P.S. § 780–4.

quaint the trial court with the constitutional question.[1] The said motion was denied without opinion on August 18, and the appellant was thereupon sentenced to concurrent terms of imprisonment of three to six years. It seems reasonable to assume that the trial court considered the constitutional question but declined the opportunity to pass on it.

On appeal to the Superior Court of Pennsylvania, the validity of the judgment of conviction was challenged on the ground that it rested on illegally obtained evidence which should have been excluded at the trial on the appellant's motion. Commonwealth v. Clark, 198 Pa.Super. 64, 181 A.2d 859. The Court failed to decide the issue raised by the challenge and predicated its affirmance of the judgment on a procedural ground. It held at page 860 of 181 A.2d: "Matters not raised by proper post-conviction motions or considered in the court below cannot be invoked on appeal in this Commonwealth even though they involve constitutional questions." It held further that under the circumstances the "application of Mapp v. Ohio" was not involved.

Notwithstanding these holdings, the Superior Court went on to state, 181 A.2d at page 861:

> "Moreover, in any event, it would seem that the trial court could properly rely on the law at the time of trial and conviction as announced in Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782, on the question of illegally obtained evidence in state courts prior to Mapp v. Ohio, supra, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, decided June 19, 1961, and overruling Wolf v. Colorado on this question."

We construe this statement as tantamount to a determination that the rule of Mapp v. Ohio was not retrospectively applicable in a case such as the one here.

The Supreme Court of Pennsylvania has since decided otherwise. Commonwealth ex rel. Wilson v. Rundle, 412 Pa. 109, 194 A.2d 143, 147 (1963).

The appellant sought review by the Supreme Court of Pennsylvania but his application for allocatur was denied on August 10, 1962, more than a year prior to the decision of the said Court in Commonwealth ex rel. Wilson v. Rundle, supra. His petition for writ of certiorari filed in the United States Supreme Court was denied on May 13, 1963, Clark v. Pennsylvania, 373 U.S. 243, 83 S.Ct. 1295, 10 L.Ed.2d 410. The petition for a writ of habeas corpus was filed in the District Court on August 8, 1963.

### Discussion

The appellee argues that the search of the appellant's living quarters was incident to his arrest, which occurred hours earlier, and was therefore not unreasonable. This argument is clearly without merit. While we entertain serious doubt as to the validity of the arrest we shall assume, without deciding, that on the basis of the evidence then in possession of the police officers the arrest of the appellant on a public street in Rankin was lawful. However, this arrest did not justify the forcible entry and search of the appellant's living quarters some three hours later.

A search may be regarded as incident to a lawful arrest only when it is substantially contemporaneous with the arrest as to both place and time. Stoner v. California, 376 U.S. 483, 486, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964); Agnello v. United States, 269 U.S. 20, 30, 31, 46 S.Ct. 4, 70 L.Ed. 145 (1925). Where, as here, an accused is under arrest and in custody, a subsequent search remote in time or place from the arrest "is simply not incident to the arrest." Preston v. United States, 376 U.S. 364, 367, 84 S.Ct.

---

1. On this appeal the appellant has been represented by Sheldon L. Albert, Esq., who was appointed by this court pursuant to a request for the appointment of counsel. It should be noted that Mr. Albert did not represent the appellant at his trial or in the proceedings in the State courts. Since his appointment by this court on December 11, 1963, Mr. Albert has represented the appellant with commendable industry and zeal.

881, 883, 11 L.Ed.2d 777 (1964). The essential element of contemporaneity is lacking under such circumstances.

· The appellee attempts to defend the search . as reasonable on the further ground that the police officers "had reasonable cause to believe that the appellant was in possession of heroin." The search of the appellant's living quarters without a warrant cannot be defended on this ground. It has been firmly established that "[b]elief, however well founded, that an article sought is concealed in a dwelling house, furnishes no justification for a search of that place without a warrant. And such searches are held unlawful notwithstanding facts unquestionably showing probable cause." Agnello v. United States, supra, 269 U.S. 33, 46 S.Ct. 6; Chapman v. United States, 365 U.S. 610, 613, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961).

If in this case the police officers had evidence sufficient to support a determination of probable cause, orderly procedure required that such evidence be presented to a judicial officer in support of an application for a search warrant. Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951 (1932). "Any assumption that evidence sufficient to support a magistrate's disinterested determination to issue a search warrant will justify the officers in making a search without a warrant would reduce" the constitutional protection against unreasonable searches and seizures "to a nullity and leave the people's homes secure only in the discretion of police officers." Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436 (1948); see also Chapman v. United States, supra. There are exceptional cases in which it may be successfully contended that the search warrant may be dispensed with but this is not such a case.

■ The appellee contends that since the appellant was only a temporary occupant of the room at 205 Miller Street, Rankin, he had no standing to challenge the search. This contention is untenable. The constitutional protection against unreasonable searches and seizures extends not only to the resident of an apartment or dwelling house but also to the occupant of living quarters in a rooming house, McDonald v. United States, 335 U. S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948), or a guest in a hotel room, Johnson v. United States, supra. See also Stoner v. California, supra.

■ We are of the opinion, and so hold, that the seizure of the incriminating evidence followed the illegal invasion and search of the appellant's living quarters. Under the rule of Mapp v. Ohio, supra, the admission of this evidence at the trial of the appellant violated his constitutional rights and invalidated the judgment of conviction.

■ The appellee concedes that the appellant has exhausted his appellate remedies but argues that the appellant should now be required to seek relief by way of habeas corpus in the courts of the State. This argument, which is clearly without merit, was considered and answered in United States ex rel. Mancini v. Rundle, supra, and the cases therein cited, and therefore needs no further discussion.

■ However, there are in the instant case additional relevant circumstances which must be considered. The appellant has served approximately one-third of the maximum term of imprisonment to which he had been sentenced; he has been in custody for slightly more than two years pursuant to a judgment of conviction which was plainly invalid for the reasons hereinabove discussed. To now require that he seek relief by way of habeas corpus in the State courts, after he has exhausted his appellate remedies, would result in an intolerable delay in the final disposition of the case.

The judgment of the court below will be reversed and the case will be remanded with directions that the writ of habeas corpus issue but without prejudice to the right of the State authorities to again try the defendant on the same charges if they deem this course advisable.