Commonwealth *v.* Stanley, Appellant.

Argued December 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Rodney D. Henry,* Public Defender, for appellant.

*Charles J. Conturso,* Assistant District Attorney, with him *Ward F. Clark,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 20, 1969:

In 1961, appellant, who was not represented by counsel, was tried before a jury on two indictments charging him with larceny and receiving stolen goods relating to a theft of an automobile, and with larceny and receiving stolen goods relating to the theft of the contents of the vehicle.

The trial court, on its own motion, sustained a demurrer to both counts of the indictment relating to the contents of the automobile. The jury found appellant not guilty of the larceny of the automobile, but guilty of receiving stolen goods. No post-trial motions were filed and appellant was sentenced.

In 1965, appellant, without counsel, filed a petition for writ of habeas corpus alleging that he was denied his right to counsel at trial. This position was rejected by the lower court, without a hearing.

In 1966, appellant, again without counsel, filed another petition for writ of habeas corpus alleging that he was denied his right to counsel on appeal. The lower court, without a hearing, rejected this contention. Appeal was taken to this court. We held, in *Commonwealth ex rel. Stanley v. Myers,* 209 Pa. Superior Ct. 396, 228 A. 2d 215 (1967) that in the face

of a silent record it could not be presumed that appellant has waived his right to counsel on appeal. The case was remanded to the lower court for an evidentiary hearing to determine if appellant did in fact waive such right. On remand, the lower court, after a hearing, concluded that appellant was denied his right to counsel on appeal. This appeal followed.

The issue before us on appeal is whether appellant was denied counsel at trial.

On the day of trial, appellant appeared before Judge BIESTER and the following colloquy ensued: "The Court: Mr. Stanley, if you desire to have counsel we have the Public Defender here in Bucks County, and Mr. Hart Rufe has agreed to represent you if you want to proceed with the trial. Appellant: Well, I would rather represent myself your Honor. The Court: You prefer to represent yourself in the trial; is that correct? Mr. Stanley: Yes, sir."

The case was then tried before Judge SATTER-THWAITE.

At trial, the trial judge engaged in the following exchange with appellant: "The Court: One thing I want on the record here, I understand that the question of representation by counsel has been discussed before Judge BIESTER earlier today. Appellant: Yes. The Court: You desire to go ahead with the trial acting as your own counsel? Appellant: Yes. . . . The Court: You may sit back at counsel table, Mr. Stanley. Let the Jury be sworn."

These court-conducted examinations fall far short of demonstrating that appellant knowingly and intelligently waived his right to counsel at trial.

Appellant was faced with an involved criminal charge and a complex trial. He was indicted on two separate bills, each charging him with two felonies. The trial of the case was complicated in that it was

necessary for appellant to testify and convict himself of receiving stolen goods in order to present a defense to the larceny charge. Further complexities were present because appellant had made an oral statement to the Philadelphia Police, of doubtful constitutional validity, which was introduced against him at trial.

Moreover, a defense to the charge of receiving stolen goods requires a subtle knowledge of the statutory requirement of mens rea, Act of June 24, 1939, P. L. 872, §817, as amended, 18 P.S. 4817. Thus, the complexity of circumstances involved in appellant's trial produced a situation in which a layman, untutored in the law, could not represent himself with the skill and understanding that a lawyer would bring to the case.

Accordingly, it was incumbent on the court to conduct a full and complete colloquy with appellant before allowing him to proceed to trial without benefit of counsel.

In *Commonwealth ex rel. McCray v. Rundle*, 415 Pa. 65, 202 A. 2d 303 (1964), it was stated: "To be valid . . . a waiver (of counsel at trial) must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." The applicability of this standard to the instant case is required by *Commonwealth ex rel. O'Lock v. Rundle*, 415 Pa. 515, 204 A. 2d 439 (1964), which applied *Gideon v. Wainwright*, 372 U.S. 335 (1963) retroactively, "Where (appellant) pleads not guilty and is faced with an in-

volved criminal charge and the attending trial circumstances tend to make the whole proceeding complex or obscure to the unrepresented layman, the nature and completeness of the (in-court) examination (of appellant by the court) discussed in McCray is required."

A second ground for reversal is supplied by *Commonwealth v. Ritchey*, 431 Pa. 269, 245 A. 2d 446 (1968).

There, the Supreme Court stated that "Merely telling a defendant that he is 'entitled' to counsel will be a meaningless gesture if he is not made aware that *free* counsel will be supplied if necessary. We reaffirm our earlier holding that as a matter of law there cannot be a finding of a knowing and intelligent waiver of the right to counsel unless the accused shall have been explicitly informed that he is entitled to *free* counsel if he is indigent."

In the instant case, the lower court, in discussing appellant's 1965 habeas corpus appeal, stated that "we may assume for present purposes (as intimated by the pauper's oath attached to the instant petition) the fact of relator's indigency at the time of trial and during the relevant period subsequent thereto." In light of this finding appellant was entitled to the safeguard enunciated in *Ritchey*.

The pretrial colloquy with Judge BIESTER and appellant's in-court "waiver of counsel", however, fall short of satisfying the requirements of *Ritchey*. Informing a defendant that he may avail himself of a Public Defender does not explicitly communicate to him that the Public Defender's service is a free service.

Judgment of sentence is vacated and a new trial is ordered.

WRIGHT, P. J., and WATKINS, J., would affirm on the opinion of President Judge SATTERTHWAITE.