## Commonwealth *v.* Frazier, Appellant.

Submitted March 17, 1969. Before BELL, C.J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Harry Humbert,* and *Ray, Buck & John,* for appellant.

*Gerald R. Solomon,* Assistant District Attorney, and *Joseph E. Kovach,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, April 23, 1969:

Appellant was tried by a jury and convicted of voluntary manslaughter in 1963. No post-trial motions were filed and no appeal was taken. In 1965 this Court held that appellant was entitled to a hearing under *Jackson v. Denno,* 378 U.S. 368, 84 S. Ct. 1774 (1964) to determine the voluntariness of a confession introduced at appellant's trial, and we remanded. *Commonwealth ex rel. Frazier v. Maroney,* 419 Pa. 361, 214 A. 2d 221 (1965). The court held a hearing, at which appellant was represented by counsel, found that appellant's confession was voluntary, and dismissed his petition. No appeal was taken.

In 1967 appellant filed a petition under the Post Conviction Hearing Act, making the same claim that he had made in his earlier habeas corpus petition. The court below cited its prior decision, finding appellant's confession to have been voluntarily made, and after taking further testimony from appellant dismissed the petition.*

---

* Under these facts, it would seem that the Commonwealth could successfully assert that appellant must be denied relief in the current proceeding under section 4 of the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §4, 19 P.S. §1180-4 (Supp. 1967), but since the Commonwealth has not at *any* time made this claim, we must consider it to be abandoned as being unsupportable on this record. See *Commonwealth v. Ritchey,* 431 Pa. 269, 271 n.1, 245 A. 2d 446, 448 n.1 (1968).

We believe that the finding of the court below is fully supported by the record, and thus we affirm. The record before us shows that appellant was taken into custody at 8 P.M. and gave an initial oral admission at 1 A.M. At 3 A.M., after being moved from the Aliquippa Borough Jail to the Uniontown State Police Barracks and being given coffee, appellant gave a written statement. Although appellant claims that he had asked for an attorney when he was initially brought to the Aliquippa jail, the hearing judge chose to not believe this contention.

This record presents a garden variety pre-*Escobedo-Miranda* situation. Although appellant perhaps was denied the protections which those cases now guarantee, since the trial took place in 1963, *Miranda* and *Escobedo* do not apply. *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772 (1966). There is nothing further in the record before us that would permit us to conclude that the court below was required to find appellant's confession involuntary. There is no indication that appellant was threatened, nor was his will overborne. The period of interrogation was hardly such as to require a finding that appellant's confession was coerced.

The order of the Court of Oyer and Terminer of Fayette County is affirmed.