Commonwealth *v*. Wegrzyniak, Appellant.

Submitted March 16, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Taylor B. Coffroth,* for appellant.

*Alexander Ogle,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, January 7, 1971:

On July 3, 1965, Louis Wegrzyniak was convicted by a jury in Somerset County of murder in the second degree. No post-trial motions were filed, and a prison sentence was imposed. No appeal was entered.

On April 5, 1966, Wegrzyniak filed a petition seeking post-conviction relief which the trial court dismissed without conducting an evidentiary hearing. An appeal from that order is now before us.

The trial record discloses the following pertinent facts.

In the early morning of January 9, 1965, Wegrzyniak fatally shot his wife during a quarrel in their home. The police arrived within minutes after being summoned by a next-door neighbor who heard the argument and the firing of shots. Wegrzyniak, brandishing a shotgun, retreated to the second floor of the house with his two minor children and refused repeated requests to give himself up or to permit the police to ascend to the second floor. About forty-five minutes later, after the police had shot a quantity of tear gas into the building, Wegrzyniak jumped from a second-story window and was taken into custody. The police entered the house wearing gas masks and seized certain guns. The house was then locked and an order issued that no one was to enter the premises.

During the ensuing weeks the police returned to the house involved on several occasions looking for evidence. Expended bullets, doors showing holes caused by bullets, and some flooring with blood marks thereon were seized and removed from the premises. At no time were the police armed with a search warrant. The guns, discharged bullets, doors and flooring seized, as before related, were introduced into evidence by the

Commonwealth at trial. It is now urged that the use of this evidence violated constitutional due process.

An examination of the record discloses that the appellant did not ask that the now challenged evidence be suppressed, nor was there any objection to its use at trial. Under these circumstances, the admissibility of the evidence may not be challenged at this late date. *Commonwealth v. Gordon,* 431 Pa. 512, 246 A. 2d 325 (1968), and *Commonwealth ex rel. Montgomery v. Myers,* 422 Pa. 180, 220 A. 2d 859 (1966). Moreover, assuming the evidence was seized under impermissible constitutional standards, we are convinced beyond a reasonable doubt that its evidentiary use was harmless error. Cf. *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824 (1967), and *Commonwealth v. Gordon,* supra.

The appellant testified at trial and did not specifically deny shooting his wife. He said that he was intoxicated at the time and so emotionally upset that he didn't know what happened. In view of the issues upon which the case turned, the now challenged evidence was of little significance.

After being taken into custody, the appellant allegedly made statements to different people, including the police officers, which strongly indicated not only that he shot his wife and knew what he was doing, but also that he did so maliciously. Evidentiary use of these statements was permitted at trial, although, at least in one instance, an objection to use of this evidence was entered of record. An in camera hearing to determine admissibility of the evidence was not conducted.

In the petition seeking post-conviction relief, it is alleged that at the time these incriminating statements were made appellant lacked capacity to make a knowing and voluntary statement due to his emotional, physical and mental state. We indicate no conclusion

as to the merits of this allegation, but do conclude that it is sufficient to require an evidentiary hearing and factual determination in the present proceedings. The court below, therefore, erred in summarily dismissing the petition.

Order vacated and record remanded for proceedings consonant with this opinion.

Mr. Justice COHEN took no part in the decision of this case.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent and would grant a new trial.

The majority relates that after appellant was taken into custody, the house was locked and an order issued that no one was to enter the premises. The majority continues: "During the ensuing weeks the police returned to the house involved on several occasions looking for evidence. Expended bullets, doors showing holes caused by bullets, and some flooring with blood marks thereon were seized and removed from the premises. At no time were the police armed with a search warrant. The guns, discharged bullets, doors and flooring seized, as before related, were introduced into evidence by the Commonwealth at trial."

While the majority does not reach the issue, there can be no doubt that these items of physical evidence were taken in violation of appellant's Fourth Amendment rights. Searches conducted without warrants are, with certain exceptions, unconstitutional, *Schmerber v. California*, 384 U.S. 757, 86 S. Ct. 1826 (1966) ; *Commonwealth v. Ellsworth*, 421 Pa. 169, 218 A. 2d 249 (1966), and the fruits thereof may not be admitted into evidence against the accused. *Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684 (1961). See also *Commonwealth v. Pearson*, 427 Pa. 45, 233 A. 2d 552 (1967).

The Commonwealth suggests that the search was conducted incident to appellant's arrest, and hence per-

missible. However, the Commonwealth's argument is without merit, for the record indicates that the illegal search occurred during the weeks *after* appellant was taken into custody. "[A] search can be incident to an arrest only if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest." *Stoner v. California,* 376 U.S. 483, 486, 84 S. Ct. 889, 891 (1964). "Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest." *Preston v. United States,* 376 U.S. 364, 367, 84 S. Ct. 881, 883 (1964). See also *Chimel v. California,* 395 U.S. 752, 89 S. Ct. 2034 (1969) ; *Agnello v. United States,* 269 U.S. 20, 46 S. Ct. 4 (1925) ; *United States ex rel. Clark v. Maroney,* 339 F. 2d 710 (3d Cir. 1965) ; *Commonwealth ex rel. Whiting v. Cavell,* 244 F. Supp. 560 (M.D. Pa. 1965), aff'd, 358 F. 2d 132 (3d Cir. 1966).

The majority dismisses appellant's challenge to the admission of the seized physical evidence by noting that appellant did not object to its use at any time during the trial. If the Commonwealth had raised this point, I would be in complete agreement with the majority. The Commonwealth, however, has not asserted appellant's apparent waiver, thereby failing to put him on notice of his statutory right to avoid waiver by proving "the existence of extraordinary circumstances to justify his failure to raise the [search and seizure] issue." Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §4, 19 P.S. §1180-4(b) (2). The Commonwealth has thus lost its right to rely upon appellant's failure to make timely objections. See *Commonwealth v. Frazier,* 434 Pa. 36, 252 A. 2d 685 (1969) ; *Commonwealth v. Ritchey,* 431 Pa. 269, 245 A. 2d 446 (1968).

I therefore would remand the case for a new trial, and accordingly must dissent.