## Saubert & Co. v. Conley & Leasure.

Attorneys.—R. D. S. & Co. placed accounts against divers persons in the hands of C. & L. for collection, and agreed that they should have ten per centum on the amount collected by them as compensation for their services.   While such accounts were still in the hands of C. & L. for collection under said agreement, and they were exerting themselves to bring about their payment, the sums due on a large number of them were paid directly to R. D. S. & Co.   In a suit for an accounting and settlement afterwards brought by the latter against the former in respect to the collection of such accounts; *Held*, That C. & L. should be al-allowed the stipulated commission on the sums so paid to R. D. S. & Co.

Appeal from Umatilla County.

*J. K. Kelly and L. B. Cox*, for appellants.

*J. H. Reed*, for respondents.

By the Court, Watson, C. J.:

The appellants brought this suit to compel the respondents to account for and pay over all sums of money collected by the latter on certain accounts placed in their hands for collection by the former, less ten per centum retainable as collection fees.   The prayer of the complaint is: "First, That respondents be compelled to answer under oath and render an account of their collections."   "Second, That respondents be decreed to pay over any balance thus found to be due to appellants."   "Third, For costs and disbursements and general relief."   The respondents answered, stating the amount collected by them on all the accounts, in gross, without specifying the particular sum collected on

any separate account.    To this answer a general demurrer was filed by the appellants, which was overruled.    They then filed a reply; and upon the issues of fact thus joined the evidence was taken.    The court below found from the evidence that the respondents had no money in· their hands belonging to the appellants to pay over, and dismissed the suit at the latter's cost.    From this decree, the appeal was taken.

We think the evidence fully sustains the decree.    Part of the amount allowed the respondents as commissions for collection, by the court below, was the stipulated per centum on sums paid to the appellants directly upon said accounts while they were still in the hands of the respondents for collection.    The evidence tends to show that these payments were made in consequence of the efforts of the respondents to collect the same themselves, and we think the per centum on such sums was properly allowed· them under the circumstances.

We do not think the evidence shows, as is alleged in the replication and claimed here by counsel for appellants, that the authority of the respondents to collect such accounts was ever revoked.    The complaint makes no such allegation, but seeks an account of all sums collected, and a decree for any balance due the appellants still remaining in the hands of the respondents, after deducting. ten per centum for collection fees; and the replication in this respect is hardly consistent with it.    But there is no proof in the case which would justify the conclusion that the authority of the respondents to make the collections was ever withdrawn, or that the contract between them and the appellants was ever rescinded.    Such being our view of the decree of the lower court on the merits, it is not necessary to discuss any of the

other questions presented in the briefs of the respective parties. The decree must be affirmed with costs.

Decree affirmed.