## Commonwealth v. Lee, Appellant.

Submitted June 12, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Robert James Lee,* appellant, in propria persona.

*Richard A. Devlin, Henry T. Crocker* and *Anthony J. Scirica,* Assistant District Attorneys, and *Richard S. Lowe,* District Attorney, for Commonwealth, appellee.

OPINION BY ERVIN, P. J., September 14, 1967:

Petitioner appeals from the dismissal by the court below without hearing, on March 2, 1967, of his petition under the Post Conviction Hearing Act. In brief, petitioner attacks as constitutionally invalid an earlier sentence which would affect the effective date of a later sentence he is now serving, as in *Com. ex rel. Ulmer v. Rundle,* 421 Pa. 40, 218 A. 2d 233 (1966).

A previous habeas corpus petition based on the same contention was dismissed by President Judge FORREST on August 30, 1965 on the ground that since petitioner was not attacking the sentence he was presently serving, the matter was moot.

Petitioner attacks as invalid a sentence of 1½ to 7 years for prison breach (No. 231 February Term, 1957) imposed March 22, 1957 on his guilty plea, without counsel. At the time of the prison breach he was serving an admittedly valid sentence of 2½ to 5 years for robbery. In sentencing for the prison breach (1½ to 7 years) the court added 3 years, 8 months and 10

days, as the remainder of the original 1955 robbery sentence.

While on parole from the prison breach sentence of 1957 petitioner entered a plea of guilty with counsel to a robbery charge, and on July 26, 1960 (No. 379 June Term, 1960) received an admittedly valid sentence of 5 to 10 years. As a result of the 1960 robbery conviction while on parole, petitioner was required to serve the remainder of his 1955 and 1957 convictions prior to the 1960 sentence. The maximum of the 1955 and 1957 sentences on parole violation would expire August 2, 1968, according to the Board's calculation.

On January 2, 1965 appellant was reparoled and commenced serving the 1960 robbery sentence as of December 14, 1964. Appellant contends the 1957 conviction and sentence for prison breach were invalid since he was not represented by counsel at his guilty plea; that the 1960 sentence for robbery should be computed, not from December 14, 1964, but from August 2, 1961, the date on which he completed sentence on the 1955 robbery conviction.

The answer of the District Attorney alleges waiver of counsel as to the 1957 guilty plea to prison breach. Assuming appellant's 1957 plea and sentence were constitutionally invalid, due to lack of counsel *(Com. ex rel. O'Lock v. Rundle*, 415 Pa. 515, 204 A. 2d 439), this would affect the effective date of the 1960 sentence, under the Supreme Court's ruling in *Com. ex rel. Ulmer v. Rundle,* supra, 421 Pa. 40, 218 A. 2d 233 (1966).

The record before us does not disclose whether appellant waived his right to counsel on his 1957 guilty plea. The petition and answer of the District Attorney raise an issue of fact on this question, requiring a hearing. Where the record is barren on the question of waiver of counsel, the burden is on the Commonwealth to show a waiver: *Com. ex rel. Johnson v. Maroney,* 416 Pa. 451, 206 A. 2d 322.

338

The order of the court below is reversed and the record remanded for a hearing to determine the validity of appellant's 1957 guilty plea to prison breach, without counsel. If the 1957 plea is found to be constitutionally invalid as entered without counsel, absent an intelligent waiver of counsel, a new trial shall be awarded on the prison breach charge of 1957, and an order entered designating that the sentence at No. 379 June Sessions, 1960 be computed from the date of the completion of the 1955 sentence.