## Commonwealth v. Stewart, Appellant.

Submitted March 11, 1968. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Norman M. Yoffe,* for appellant.

*Jerome T. Foerster,* Assistant District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

8

OPINION BY MR. JUSTICE ROBERTS, May 3, 1968:

Much of what we said in *Commonwealth v. Wilson*, 430 Pa. 1, 241 A. 2d 760 (1968) is applicable here. Appellant in this post-conviction proceeding requests the right to file new trial motions and appeal from a possible denial thereof, both to be done nunc pro tunc; his request is premised upon an allegation that he was not advised of the rights mandated by *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814 (1963). A hearing was held, appellant's claim denied and this appeal taken.

In *Wilson*, we stressed that an indigent accused may waive his *Douglas* rights but that the Commonwealth must demonstrate that the accused knew of both his right to appeal and his right to the assistance of court-appointed appellate counsel.[1] The hearing record does demonstrate that appellant was informed that he could appeal but contains no testimony even remotely suggesting that he also knew that counsel was available for that purpose. We are thus faced with a record identical to that faced in *Wilson;* an identical disposition will therefore be made. We remand this record to the court below with directions that the Commonwealth be permitted to offer testimony that appellant was informed of the rights accorded by the *Douglas* decision. If the hearing court finds that the Commonwealth is able to demonstrate that appellant knew of his right of appellate counsel, it shall enter an order denying relief. If, however, the Commonwealth fails to make such a demonstration, the court shall appoint counsel for the purpose of filing and arguing post-trial motions and, if necessary, prosecuting an appeal. In

---

[1] It is possible that the hearing judge was unaware that the burden of proof should be placed upon the Commonwealth. At the outset of the hearing, he stated to post-conviction counsel: "Very well, Mr. Yoffe, the petition is of the Defendant. I think the burden is with you."

the event post-trial motions are denied, this Court will permit, upon motion of counsel, an appeal to be docketed as if timely filed and thereafter orally argued.[2] We suggested in the *Wilson* case that an on the record inquiry at trial would be appropriate. Although some minimal attempt may have been made in that direction by the trial court in this trial, that attempt falls short. See *Commonwealth ex rel. Neal v. Myers*, 424 Pa. 576, 579, 227 A. 2d 845, 846 (1967); *Commonwealth ex rel. Fink v. Rundle*, 423 Pa. 133, 136-37, 222 A. 2d 717, 718-19 (1966); *Commonwealth ex rel. Shadd v. Myers*, 423 Pa. 82, 89-91, 223 A. 2d 296, 300-01 (1966).[3]

The order of the Court of Oyer and Terminer of Dauphin County is vacated and the record is remanded with instructions.

Mr. Chief Justice BELL dissents.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

[2] It appears that appellant, although indigent at the time of trial and therefore at that time given court-appointed counsel, was able to obtain private counsel for his post-conviction hearing and appeal. If the court finds that appellant has sufficient funds to continue this litigation, it will not be necessary for it to appoint counsel.

[3] Immediately after the jury returned, the trial court and counsel engaged in a brief discussion (trial record at 757): "THE COURT: I would like to inquire of the Defense before I impose sentence whether any motion is to be made for a new trial, or whether the four days will be waived? DEFENSE COUNSEL: May we consult with our client for a moment? THE COURT: You may. DEFENSE COUNSEL: We waive the four days, your Honor. THE COURT: All right. Was that waiver made with the consent of your client, the Defendant? DEFENSE COUNSEL: It has been, your Honor. THE COURT: Very well. It is on the record then. You may stand." At the hearing, defense counsel testified that their consultation with appellant spanned a period of approximately two minutes. In light of the cases cited above in which the record discussions were of greater particularity than the one which here occurred and in which this Court held that the record examination was not sufficient to demonstrate a waiver, this discussion certainly is not.