## Commonwealth *v.* Hall, Appellant.

164

Submitted April 15, 1968. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Daniel J. Lawler,* Public Defender, for appellant.

*Ralf E. Gilbert,* Assistant District Attorney, and *Ward F. Clark,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, May 21, 1968:

Wilson Hall has taken this appeal from the denial, after hearing, of a post-conviction petition attacking his 1943 guilty plea to murder; he is presently serving a life sentence. Among the issues raised at his hearing was whether appellant had been informed of his right to appeal and his right to the assistance of counsel for that purpose. The Commonwealth was unable to sustain its burden in light of a record silent as to whether appellant knew or was informed of the rights mandated by *Douglas v. California,* 372 U.S. 353, 83

S. Ct. 814 (1963) and thus we must conclude that appellant is entitled to a direct appeal. See *Commonwealth v. Wilson*, 430 Pa. 1, 241 A. 2d 760 (1968); *Commonwealth v. Stewart*, 430 Pa. 7, 241 A. 2d 764 (1968). We will therefore treat this appeal from the denial of post-conviction relief below as if it were a direct appeal since petitioner below has established an adequate record for determination of all questions he could raise on direct appeal. Under these circumstances, a remand would serve no useful purpose. Cf. *Commonwealth ex rel. Davis v. Russell*, 422 Pa. 223, 220 A. 2d 858 (1966).

Appellant launches a two branched attack against his guilty plea, contending alternatively that the plea was primarily motivated by the existence of a coerced confession or that, if not so motivated, was not the voluntary choice of appellant for counsel prevailed upon him to enter the plea against his (appellant's) wishes. On the issue of coercion, appellant testified at his hearing that he was continuously interrogated for approximately twelve hours, denied food and water, threatened (although not beaten) and denied counsel after repeated requests for such assistance.[1] One of the state policemen involved in the questioning, while admitting that he was not at all times in appellant's presence, stated that to the best of his knowledge these events did not occur. Furthermore, appellant's credibility was seriously questioned by reference to his testimony at his 1943 degree of guilt hearing where he acknowledged that during the interrogation he was, at the suggestion of his interrogators, fed. (Trial record at 294). The trial court permissibly concluded that ap-

---

[1] Appellant was tried well before the *Escobedo* and *Miranda* decisions. Thus, although this is in essence a direct appeal, he cannot avail himself of the doctrines enunciated in those decisions. See *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772 (1966).

pellant's testimony was not credible and that he had therefore failed to carry his burden of proof. See, e.g., *Commonwealth v. Davis,* 429 Pa. 138, 239 A. 2d 387 (1968).

Appellant also contends that his court-appointed counsel by giving him only two alternatives—either plead guilty or risk electrocution—induced him to plead guilty against his wishes. As corroborative of this version of the circumstances producing his plea, appellant testified at his post-conviction hearing that at one point during his degree of guilt hearing appellant remarked that he did not intend to kill his wife. At this point, the trial court allegedly informed counsel that the court could not accept the plea whereupon counsel conferred with the court; after this conference, appellant was allegedly told by trial counsel that appellant was disrupting the degree of guilt hearing and that he should not change his plea. We have searched the 1943 record and can find nothing which would indicate that at any point during appellant's degree of guilt hearing the court questioned the propriety of his plea. Again, we conclude (as did the court below) that appellant has not carried his burden of proof. See, e.g., *Commonwealth v. Allen,* 428 Pa. 113, 237 A. 2d 201 (1968); *Commonwealth v. Grays,* 428 Pa. 109, 237 A. 2d 198 (1968).

The issue of the effectiveness of trial counsel was also raised. Although appellant testified that prior to trial he had but one brief conference with counsel, the record demonstrates that counsels' assistance was constitutionally effective. They extensively cross-examined the Commonwealth's witnesses and carefully presented appellant's primary contention—that the killing was not premeditated for it resulted from a sudden flash of jealousy. Counsel's conduct of the now challenged proceedings was clearly sufficient to meet the

standards required in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967).

Finally, although appellant has not raised the issue,[2] we have also considered whether the Commonwealth sustained its burden at the 1943 proceedings to demonstrate that appellant was guilty of murder in the first degree. Three eyewitnesses to the killing testified that appellant, when he arrived at his wife's temporary residence, was carrying a knife. After being unable to persuade his wife to return with him to Alabama, appellant stabbed her four times. Three of the wounds were relatively superficial; however, the fourth was a deep wound in the neck area which resulted in severance of the carotid artery and the jugular vein and ultimately in death. Under these circumstances, the court was justified in concluding that the Commonwealth had demonstrated premeditation.

The order of the Court of Oyer and Terminer of Bucks County is affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

[2] Since we have decided that appellant's plea is immune from attack, the only other issue available to him would be the propriety of the 1943 decision that the Commonwealth had carried its burden to demonstrate beyond a reasonable doubt that appellant committed murder in the first degree.