Commonwealth *v.* Blose, Appellant.

Submitted March 11, 1968.   Before Bell, C. J., Musmanno, Jones, Eagen, O'Brien and Roberts, JJ.

210

*Glenn L. Blose,* appellant, in propria persona.

*Merle E. Wiser,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, May 21, 1968:

In September of 1961 appellant Glenn Blose entered guilty pleas to two counts of burglary and one count of prison breach. He received two 1 to 2 year sentences for the burglary and a six to twelve month sentence for the prison breach; these sentences were consecutive making appellant's aggregate sentence 2 1/2 to 5 years. Blose was paroled in January of 1964 and then, in October of 1965, recommitted as a parole violator. He now attacks his 1961 guilty plea in this Post Conviction Hearing Act proceeding. After relief was denied without hearing by the trial court, the Superior Court affirmed without opinion. See *Commonwealth v. Blose,* 211 Pa. Superior Ct. 737, 235

A. 2d 822 (1967).[1] Allocatur was then granted by this Court.

Appellant contends that his 1961 guilty pleas were entered without counsel, a fact which is not disputed. However, the post-conviction court concluded that Blose knowingly and intelligently waived representation by counsel. *Commonwealth ex rel. Mullins v. Maroney,* 428 Pa. 195, 198, 236 A. 2d 781, 784 (1968) succinctly states the requirements of a valid waiver: "[B]efore there can be an effective and valid waiver of counsel the accused must be fully apprised of the extent of his rights in connection therewith. This necessitates that he be informed or know not only of his right to consult with an attorney, but also if he is indigent that a lawyer will be appointed to represent him. In short, he cannot intelligently waive a right of which he is not fully aware."

*Mullins* then discusses the problem of the burden of proof, concluding that where the record does not show that the accused was informed or knew of his right to counsel *and* that counsel would be appointed for him if he was indigent,[2] the burden is placed upon the Commonwealth to establish that the accused was fully aware of his rights at the time the alleged waiver occurred. "[T]he record must show in the case of an indigent defendant that he is informed of or fully understands that the court will provide him with counsel *without charge* if he so desires. Unless this appears in the record, the burden is upon the Commonwealth to establish that the defendant was fully aware of his rights at the time the alleged waiver occurred." 428 Pa. at 199, 236 A. 2d at 784. (Emphasis supplied.)

---

[1] The procedural statement appended to the Superior Court's opinion notes that the Commonwealth declined to file a brief before that court. Nor have they filed a brief before this Court.

[2] There is no dispute that, both at the time of trial and now, appellant is an indigent.

Although no record is available of what in fact transpired at the time appellant's plea was entered, the opinion of the post-conviction court gives the following account of the proceedings:[3] "He [appellant] was advised by the Court he should have an attorney and he then informed the Court he wanted Marjorie Matson. As Mrs. Matson lives and practices in Pittsburgh, and it is not customary for the Court to appoint and pay an attorney from that place with two hundred miles to travel, the Court advised Blose it would not appoint Mrs. Matson but would appoint a local attorney to represent him. Mr. Blose then stated he did not want an attorney and requested the Court to proceed with sentence; . . ."

There is thus no record demonstration that Blose was informed or knew that, as an indigent, he was entitled to an attorney *free of charge*.[4] Under these circumstances, the burden was upon the Commonwealth to demonstrate that appellant knew that free representation was available. The only suggestion made as supportive of a conclusion that appellant did possess the requisite knowledge is a statement in the post-conviction court's opinion that appellant had prior criminal experience. An identical suggestion was made and expressly rejected in *Mullins*. See 428 Pa. at 200, 236 A. 2d at 785.

---

[3] The Prothonotary and Clerk of Courts of Clarion County (the situs of appellant's 1961 convictions) has informed this Court that no transcript of testimony was filed vis-a-vis the 1961 convictions at issue. The opinion of the post-conviction court gives no clue to whether the statement quoted in text is based upon a transcript to which the court had access or was based upon the court's recollection of the 1961 proceedings.

[4] The use of the word "appoint" in the post-conviction court's opinion is not sufficient to demonstrate that *appellant* knew that an appointed attorney is a free attorney. See *Commonwealth v. Wilson*, 430 Pa. 1, 241 A. 2d 760 (1968); *Commonwealth v. Stewart*, 430 Pa. 7, 241 A. 2d 764 (1968).

Blose is thus entitled to a new trial on his 1961 indictments. It appears that Blose's 1965 commitment as a parole violator was the result of the perpetration of an unrelated burglary. When recommitted in 1965, his maximum sentence on the 1961 convictions was scheduled to expire on October 29, 1967 and thus apparently Blose's sentence for the 1961 offenses has now expired. Since Blose is still in custody, we assume it is by virtue of the sentence imposed in 1965 on the unrelated burglary. Our cases now establish that, where a prisoner is presently serving a valid sentence the term of which is computed from the date he completed a constitutionally invalid sentence, he may attack that invalid sentence. See *Commonwealth ex rel. Ulmer v. Rundle*, 421 Pa. 40, 218 A. 2d 233 (1966); *Commonwealth ex rel. Ackerman v. Russell*, 209 Pa. Superior Ct. 467, 228 A. 2d 208 (1967); *Commonwealth v. Lee*, 210 Pa. Superior Ct. 335, 234 A. 2d 5 (1967). The proper procedure in such a situation is to grant the prisoner a new trial on the constitutionally invalid convictions and direct the trial court to compute the expiration date of the prisoner's sentence on the valid, subsequent conviction as if he had been committed on the date he began to serve the balance of his invalid sentence (in this case, October 29, 1965, the date appellant was recommitted as a parole violator).

The orders of the Superior Court and the Court of Oyer and Terminer of Clarion County are reversed, a new trial is granted as to Nos. 4 and 5 May Sessions, 1961 and No. 6 August Sessions, 1961, and the record is remanded to the Court of Oyer and Terminer for computation of sentence consistent with this opinion.

Mr. Justice EAGEN would vacate the order below and remand for a hearing.

Mr. Chief Justice BELL dissents.

Mr. Justice COHEN took no part in the consideration or decision of this case.