## Commonwealth v. Ezell, Appellant.

Submitted May 20, 1968. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Arthur K. Dils,* Assistant Public Defender, for appellant.

*Jerome T. Foerster,* Assistant District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, August 13, 1968:

The sole issue raised in this proceeding under the Post Conviction Hearing Act is whether appellant knowingly and intelligently waived the right to appeal his conviction of murder in the second degree. The court below held an evidentiary hearing limited solely to this question, and decided that Ezell did so waive. We disagree and therefore hold that appellant must now be given leave to file post-trial motions, and if these motions are denied, be permitted to take a direct appeal to this Court. Furthermore, if indigent, counsel must be appointed.

Although the testimony at the hearing below establishes that appellant knew of his right to appeal, it is uncontradicted that he was never told of his right to have the assistance of free counsel for that appeal if indigent. With the financial assistance of his family, appellant was able to retain private counsel for his trial. However, at the conclusion of the trial, Ezell's money ran out. He testified as follows: "A. [by ap-

pellant] I knew I didn't have any more money, if it cost me any more money I couldn't afford it. Q. [by counsel for appellant] Did you know or was it explained to you you had an absolute right to appeal whether you had funds or not? A. No, sir, that I didn't know. Q. Neither counsel explained that? A. No, sir." (Record at 7.) This testimony was corroborated by both of appellant's trial counsel: "Q. [by counsel for appellant] You mentioned that there was never discussed with the defendant a fee for taking an appeal. Did you ever tell him he had an absolute right to appeal? Did you tell the defendant that it could be possible to take an appeal without having to pay you a fee? A. No, I don't remember. I don't think I ever said he could appeal without any additional fee because we didn't even discuss a fee, I mean either way." (Record at 24.) Finally, appellant's other trial counsel was even more explicit: "Q. [by counsel for appellant] Mr. . . ., did you advise the defendant he did not need funds to take an appeal, that it was an absolute right? A. No, I did not. We never discussed whether or not it would cost him anything to take an appeal." (Record at 30.)

Recently in *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968), and *Commonwealth v. Stewart,* 430 Pa. 7, 241 A. 2d 764 (1968), we discussed fully the requirements of *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963), regarding an indigent defendant's rights on appeal. We there held that where, as in the present case, the trial record is silent as to what, if anything, the defendant was told about his appellate rights, the burden of proof in a collateral proceeding is upon the Commonwealth to show that these rights were knowingly and intelligently waived. Such waiver, we said, could *not* be established unless it was shown not only that the accused knew of his absolute right

to appeal, but also that he knew of the right to have counsel appointed to assist him if indigent. Although in *Wilson* and *Stewart* we remanded the records to allow the Commonwealth to meet this burden if it could, no such remand is necessary in the present case since appellant's trial counsel already testified that they never told Ezell anything about free appellate counsel. We are thus unable to imagine how the Commonwealth could establish a waiver unless it could show that Ezell learned of his *Douglas* rights through channels other than trial counsel, a fact not even suggested by the record. So utterly remote is this possibility that we think a better result is to let appellant have his appeal rights now.

Nor do we think that the requirements of *Wilson* and *Stewart* become relaxed simply because appellant was able to afford private trial counsel. The possibility that a man's financial well can dry up is always very much present. And even if this well does not yield its first empty bucket until after trial, nevertheless the defendant, for purposes of appellate counsel, is still just as indigent as if he never had a dime.* It may be true that Ezell's two trial lawyers were willing to prosecute his appeal without further payment; but this, admittedly, was never communicated to appellant. It would be totally unrealistic for us to assume that a layman would have such knowledge in his own mind. All that appears on this record, and it appears totally uncontradicted, is that Ezell had no more money at the end of his trial yet was never in-

---

* It could even be said that the man who becomes indigent only *after* trial needs to be told of his *Douglas* rights even more than the man who has already experienced the services of court-appointed counsel. For the former man, having hired *private* counsel to try his case, might have had no opportunity to learn of the existence of *free* counsel at any stage of the criminal proceedings.

formed that this lack of funds would not be a bar to appeal.

Accordingly, the order below is vacated and the record remanded for further proceedings consistent with this opinion.

Mr. Chief Justice BELL dissents.

Mr. Justice COHEN took no part in the consideration or decision of this case.