Commonwealth *v.* Hoffman, Appellant.

Submitted June 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Richard U. T. Hoffman,* appellant, in propria persona.

*John B. Fowler, III,* Assistant District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 12, 1968:
Order affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

This is an appeal from an order of the Court of Oyer and Terminer of Cumberland County denying appellant's petition for post-conviction relief.

The crucial question in this case is whether appellant effectively waived his constitutional right to the assistance of counsel.

In the instant case, the lower court at the time of trial asked, "Are you willing to waive the appointment of counsel?" to which appellant answered "Yes."

The Commonwealth argues that this question and refusal automatically shifts the burden to the accused who must then show by a preponderance of the evidence that the waiver was not understandingly and intelligently made. In support of this, it cites *Commonwealth ex rel. Mullins v. Maroney*, 428 Pa. 195, 236 A. 2d 781 (1968).

The Supreme Court, however, in *Commonwealth v. Blose*, 430 Pa. 209, 241 A. 2d 918 (1968), analyzed the *Mullins* case, and indicated that the defendant must not only be advised of his right to counsel but that counsel will be appointed for him *without charge* if he so desires. Unless that appears in the record, the burden must remain upon the Commonwealth.

The Commonwealth argues that the trial judge did use the word "appoint" which would have conveyed to the defendant the fact that he could have free counsel. This argument was specifically rejected in *Commonwealth v. Blose*, supra, at p. 212 n. 4 where the Supreme Court stated: "The use of the word 'appoint' in the post-conviction court's opinion is not sufficient to demonstrate that appellant knew that an appointed attorney is a free attorney. . . ."[1]

In my opinion, the statement in the *Blose* case at p. 212 is fully applicable here, and the Commonwealth, therefore, failed to sustain its burden of proof.

For these reasons I would reverse the order of the lower court and grant a new trial.

SPAULDING, J., joins in this dissenting opinion.

---

[1] It would appear from this statement, therefore that the Supreme Court has modified its position as stated in *Mullins*, supra and in *Commonwealth ex rel. Wright v. Cavell*, 422 Pa. 253, 220 A. 2d 611 (1966).