Commonwealth *v.* Dries, Appellant.

340

Submitted September 9, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Dennis J. Monaghan,* for appellant.

*John E. Gallagher,* Assistant District Attorney, and *Charles H. Spaziani,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 14, 1968:

On January 25, 1954 the appellant, then indigent, entered a plea of guilty to charges of burglary and larceny at No. 20 February Term, 1953, and to burglary and malicious mischief at No. 21 February Term, 1953. The court imposed sentence which appellant is now serving.

The only question we need consider on appeal is whether appellant knowingly and intelligently waived his constitutional right to be represented by counsel. The transcript of the guilty pleas indicates that the court read the indictments to the appellant. The court then stated:

"Judge Barthold: Under the Constitution of Pennsylvania you are entitled to a jury trial if you want one, and you are also entitled to counsel, if you want counsel. Do you wish a jury trial in these matters?

"The Defendant: No, sir.

"Judge Barthold: Do you want counsel appointed for you?

"The Defendant: No, sir."

The balance of the testimony is concerned with an inquiry into the voluntariness of the guilty pleas and the sentences previously imposed upon appellant in other courts of Pennsylvania.

This case is controlled by *Commonwealth v. Blose*, 430 Pa. 209, 241 A. 2d 918 (1968), likewise involving an appeal from a guilty plea by an indigent defendant who was not represented by counsel. In *Blose* the Supreme Court held that a trial court's statement to defendant that it would appoint local counsel to represent him was insufficient to advise the indigent defendant of his right to counsel because the word "appoint" is not sufficient to demonstrate that the defendant knew that an appointed attorney is a free attorney. "There is thus no record demonstration that Blose was informed or knew that, as an indigent, he was entitled to an attorney *free of charge*. Under these circumstances, the burden was upon the Commonwealth to demonstrate that appellant knew that free representation was available."

Similarly, in *Commonwealth v. Ritchey*, 431 Pa. 269, 245 A. 2d 446 (1968), also involving an indigent

defendant who filed a guilty plea, the Court stated, "We reaffirm our earlier holding that as a matter of law there cannot be a finding of a knowing and intelligent waiver of the right to counsel unless the accused shall have been explicitly informed that he is entitled to *free* counsel if he is indigent. [citations omitted]. Application of this rule will avoid unnecessary situations like the present case where it is clear that the appellant did not understand the full meaning of the right to counsel."

The Supreme Court in *Blose*, supra, rejected the suggestion that a defendant is deemed to have knowledge of his right to free counsel because of prior criminal experience. Therefore, since no evidence was introduced by the Commonwealth at the post-conviction hearing which demonstrated that Dries had been explicitly informed of his right to free counsel, a new trial must be ordered. The order of the lower court is reversed, the judgments of sentence at Nos. 20, 21, February Term, 1953, are vacated, and a new trial is ordered.

WRIGHT, P. J., and WATKINS, J., would affirm the order below.

MONTGOMERY, J., would remand for further hearing on the post-conviction petition.