## Commonwealth *v.* Gist, Appellant.

Submitted November 11, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

102

*John H. Lewis, Jr.* and *Gregory M. Harvey,* for appellant.

*James D. Crawford,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, January 15, 1969:

Appellant is trying for the third time to collaterally attack his conviction of first degree murder. In his two prior attempts he was unrepresented; now he has counsel. After a hearing below, appellant's Post Conviction Hearing Act petition was denied and appellant took this appeal.

Appellant first claims that he was not told of his right to appeal with counsel guaranteed by *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963). The Commonwealth agrees that since the trial record is silent on the issue of waiver, it has the burden of proving that appellant knowingly and intelligently waived his *Douglas* rights. See, e.g., *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968).

At appellant's PCHA hearing, appellant's trial counsel testified that appellant did not want to appeal. He was unable to testify as to exactly what he told appellant about his appeal rights, and could not state

that he had told appellant that he was entitled to free counsel on appeal if necessary. Under these circumstances it is clear that as a matter of law the Commonwealth has failed to prove a knowing and intelligent waiver. See, e.g., *Commonwealth v. Dixon*, 432 Pa. 423, 248 A. 2d 231 (1968); *Commonwealth v. Ritchey*, 431 Pa. 269, 245 A. 2d 446 (1968); cf. *Commonwealth v. Ezell*, 431 Pa. 101, 244 A. 2d 646 (1968).

Appellant requests that if we grant him *Douglas* relief, we consider the present proceeding as his direct appeal, since all his claims are on the trial record. Of course there is no reason to not accept appellant's offer, and we may proceed as if this case were on direct appeal from appellant's trial.

The Commonwealth concedes that a "tacit admission" was introduced against appellant at his trial, but argues that the rule barring the use of tacit admissions should not be applicable to this case. However, under our recent decision in *Commonwealth v. Little*, 432 Pa. 256, 248 A. 2d 32 (1968), the rule barring the use of tacit admissions applies to all cases on direct appeal following the granting of *Douglas* relief. Cf. *Commonwealth v. Storch*, 432 Pa. 121, 247 A. 2d 562 (1968). Appellant thus is entitled to a new trial and we need not consider any other claim he might have.

The order of the Court of Quarter Sessions of Philadelphia County is vacated and the case remanded for a new trial.