Commonwealth *v.* Swift, Appellant.

Submitted November 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Robert M. Philson,* for appellant.

*Alexander Ogle,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 19, 1970:
Order affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant was convicted before a judge and jury of burglary, larceny, and receiving stolen goods. He filed post-trial motions but never appealed from the judgment of sentence. He subsequently filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180 (Supp. 1969), alleging he had not been informed of his right of appeal with free counsel. A hearing was held at which appellant's trial counsel testified. The record reveals that the only question and answer in counsel's testimony with respect to free counsel was the following: "Q. In connection with the possibility of appeal, did you touch upon the question of the costs of appeal? "A. I don't recall that we would have." The PCHA court denied the petition. This appeal followed.

It is now well-established in this Commonwealth that when the record is barren of instructions to the accused that he is entitled to appeal from judgment of sentence with *free counsel,* it is the Commonwealth's burden to prove that appellant knew of his right and competently and intelligently waived it. *Commonwealth v. Herge,* 436 Pa. 542, 260 A. 2d 787 (1970); *Commonwealth v. Gist,* 433 Pa. 101, 249 A. 2d 351 (1969); *Commonwealth v. Ezell,* 431 Pa. 101, 244 A. 2d 646 (1968); *Commonwealth v. Mumford,* 430 Pa. 451, 243 A. 2d 440 (1968); *Commonwealth v. Stewart,* 430 Pa. 7, 241 A. 2d 764 (1968); *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968). See *Commonwealth v. Zaffina,* 432 Pa. 435, 248 A. 2d 5 (1968); *Commonwealth v. Hall,* 430 Pa. 163, 242 A. 2d 241

(1968). Cf. *Commonwealth v. Hoffman*, 432 Pa. 340, 248 A. 2d 44 (1968); *Commonwealth v. Ritchey*, 431 Pa. 269, 245 A. 2d 446 (1968); *Commonwealth v. Blose*, 430 Pa. 209, 241 A. 2d 918 (1968); *Commonwealth v. Dries*, 213 Pa. Superior Ct. 339, 247 A. 2d 791 (1968). The record being clear that the Commonwealth failed to carry its burden, the court below erred in denying appellant the right to appeal *nunc pro tunc*.

I would reverse the order of the lower court and grant appellant the right to appeal from judgment of sentence *nunc pro tunc*.*

MONTGOMERY and SPAULDING, JJ., join in this dissenting opinion.

---

\* I would not disturb the lower court's ruling with respect to appellant's other allegations below.