Commonwealth *v.* Ezell, Appellant.

Submitted May 25, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Arthur K. Dils,* Assistant Public Defender, for appellant.

*Jerome T. Foerster,* Assistant District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE JONES, October 9, 1970:

On July 25, 1965, Allen N. Ezell beat his wife into unconsciousness, using his fist and a leather strap, at their home in Harrisburg, Pennsylvania. Ezell asked a friend to drive him, his wife and their children to the hospital, but his wife died on the way as a result of the beating.

Having been notified by the hospital of the death of Ezell's wife, police officers went to the hospital, where they met Ezell, the friend and the children. The officers asked Ezell to accompany them, in a police vehicle, back to his residence. The other persons who were present at the hospital were asked to go directly to the police station, where statements would be taken from them. During the ride to Ezell's home, Corporal Ross and Officer Menegat allegedly gave certain warnings to Ezell. Upon their arrival at his residence, Ezell gave an inculpatory statement to the officers.

Following a jury trial in September of 1965, in the Court of Common Pleas of Dauphin County, Ezell was found guilty of murder in the second degree and sentenced to serve six to twelve years in the penitentiary. No post-trial motions were filed at that time. However, on August 13, 1968, this Court directed that counsel be appointed and that Ezell be permitted to file post-trial motions nunc pro tunc. *Commonwealth v. Ezell*, 431 Pa. 101, 244 A. 2d 646 (1968). A motion for a new trial was filed on September 24, 1968, and was refused by the lower court. This appeal followed.

The sole issue pursued on this appeal is whether Ezell was properly warned of his right to remain silent, prior to making his inculpatory statement, as required by *Escobedo v. Illinois*, 378 U.S. 478 (1964). Before the introduction of the statement at trial, a *Jackson-Denno* hearing was held, and Corporal Ross testified as follows: "The defendant was cooperative and agreed to go along to his home. On the way there, I informed the defendant that we were making an investigation, any of the things he told us when we got there could be used in our court case, that it was a serious crime, and he agreed that he wanted to tell us just what happened." Officer Menegat supported Ross' testimony and also noted that Ezell had been warned of

his right to remain silent. "Corporal Ross stated to the defendant that he didn't have to say anything to him at all because anything that he would say would be held against him." Ezell denied that he had been given any warnings at all. At this point, the hearing was concluded and the trial court ruled that the evidence was admissible.

The only apparent basis for this appeal is that Corporal Ross, at the hearing, did not *specifically* state that he had warned Ezell of his right to remain silent. However, this defect was cured by Officer Menegat's testimony, as quoted above. Moreover, when the trial resumed, Corporal Ross testified as follows: "I told him that we were going to his apartment to further investigate, to see just what happened, what he could tell us happened prior to this woman's death. And I told him at that time that *he didn't have to tell us anything,* it had to be of his own free will, and that anything he did tell us we could use later after we made our case." (Emphasis added)

We are clearly faced with a factual question which was resolved by the trial court. The officers stated that proper warnings had been given, Ezell denied that he had been informed of *any* of his constitutional rights, and the trial court found the officers' testimony to be credible. We have no basis upon which to overturn the decision of the fact-finder, such decision being supported by evidence which is adequate in every respect. *Commonwealth v. Lawrence,* 428 Pa. 188, 236 A. 2d 768 (1968).

Judgment affirmed.