## Commonwealth *v.* Jordan, Appellant.

Argued November 17, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

*Donald J. Goldberg,* for appellant.

*Maxine J. Stotland,* Assistant District Attorney, with her *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, March 16, 1973:

The sole question on this appeal is the adequacy of the warnings relative to his right to counsel, given to appellant on three separate occasions prior to his oral and written confessions.[1] He was advised that he could consult a lawyer of his choice before interrogation, and that the lawyer could be present during interrogation. He was then told, "If you cannot afford to hire a lawyer and you want one, we will see that you have a lawyer provided to you before we ask you any questions". Appellant replied affirmatively as to his understanding of the right to counsel. On the first giving of the *Miranda* warnings (prior to submitting to a polygraph test) he stated that he had done nothing wrong and did not need a lawyer; on the second giving of the warnings (prior to questioning five days later) his response was, "No, I will do my own talking".

Appellant now argues that the warnings did not explicitly inform him that he was entitled to *free* counsel

---

[1] The confessions were to a robbery and the killing, in the course of it, of one Marshall Newmark. A jury convicted appellant of murder in the second degree. He was sentenced to an imprisonment of ten to twenty years.

if he was indigent. The identical argument with respect to the identical warning was recently considered and rejected by this court in *Commonwealth v. Ponton,* 450 Pa. 40, 43-47, 299 A. 2d 634 (1972).[2] What we said there is equally applicable here, and is dispositive of this case: "Where . . . the explanation used by the police very clearly expresses the Miranda warning and the accused responsively acknowledges his understanding of this explanation, we can detect no deviation from the holding or the intent of the Miranda decision. While there may occur cases where a warning, adequate on its face, is in fact not understood, or where a seemingly adequate warning is not in fact genuine, this is not such a case. . . . Since here the appellant unquestionably did have awareness of his right to free counsel, we hold that his present challenge to the warning as given is without merit".

Appellant was thirty-two years of age at the time of his arrest; he had completed high school through the eleventh grade; his acknowledgments that he understood his right to be provided with counsel if he could not afford one were unequivocal. We conclude that the court below was correct in finding that the confession was voluntary and should not be suppressed.

Judgment of sentence affirmed.

Mr. Justice NIX took no part in the consideration or decision of this case.

———

I.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

"The warning of a right to counsel would be hollow if not couched *in terms that would convey to the indi-*

———

[2] The opinion in *Commonwealth v. Ponton* was filed on November 17, 1972, the same date as the argument in the case at bar. As

*gent*—the person most often subject to interrogation—the knowledge that he too has the right to have counsel present [at a custodial interrogation]. As with the warnings of the right to remain silent and of the general right to counsel, *only by effective and express explanation to the indigent of this right can there be assurance that he was truly in a position to exercise it." Miranda v. Arizona,* 384 U.S. 436, 473, 86 S. Ct. 1602, 1627 (1966) (emphasis added) (footnotes omitted).

Despite this unambiguous demand of clarity, the majority engages in pure conjecture to conclude that appellant knew that, if he desired, counsel would be appointed free of charge to represent and advise him during police interrogation. The majority assumes that an indigent defendant is fully cognizant of his right to have counsel appointed without cost to him where the police merely advise him that if he desires an attorney and cannot afford one, ". . . *we* [the police] will see that you have a lawyer *provided* to you before we ask you any questions." I cannot indulge in such an unsupported assumption. The majority's conjecture cannot supply that which is omitted by silence. The absence of an explicit advisement of free counsel precludes any assumption that the knowledge of such a right was conveyed to the accused, as required by *Miranda.* Accordingly, this record contains no basis to support a finding of a constitutionally acceptable waiver of counsel.

Although there is a strong presumption against the waiver of constitutional rights, *Glasser v. United States,* 315 U.S. 60, 70-71, 62 S. Ct. 457, 464-65 (1942), an individual may waive his right to have counsel present during police questioning. This waiver, however, to be

we noted in *Ponton* (footnote 2), the challenged warning, at one time part of the standard card used by the Philadelphia police at the direction of the District Attorney's office, has since been modified to include the phrase "free of charge".

effective, must be supported by an affirmative showing that the individual relinquished this right voluntarily, knowingly and intelligently. *Miranda,* supra. It must be shown that there was " 'an intentional relinquishment or abandonment of a known right or privilege.' Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461." *Brookhart v. Janis,* 384 U.S. 1, 4, 86 S. Ct. 1245, 1247 (1966). Such an "intentional relinquishment" cannot permissibly occur unless the defendant is ". . . fully apprised of the extent of his rights in connection therewith. . . . In short, he cannot intelligently waive a right of which he is not fully aware." *Commonwealth ex rel. Mullins v. Maroney,* 428 Pa. 195, 198, 236 A. 2d 781, 784 (1968).

The record here, as in *Commonwealth v. Sites,* ". . . does not establish that such a waiver was effected." *Commonwealth v. Sites,* 427 Pa. 486, 491, 235 A. 2d 387, 390 (1967). As this Court held more than five years ago in *Commonwealth v. Dixon,* 432 Pa. 423,425, 248 A. 2d 231, 233 (1968) : ". . . '[A]s a matter of law there cannot be a finding of a knowing and intelligent waiver of the right to counsel unless the accused shall have been explicitly informed [prior to police interrogation] that he is entitled to *free* counsel if he is indigent.' (Emphasis in original.) Cf. Commonwealth v. Bordner, 432 Pa. 405, 247 A. 2d 612 (1968) ; Commonwealth v. Ezell, 431 Pa. 101, 244 A. 2d 646 (1968) ; Commonwealth v. Wilson, 430 Pa. 1, 241 A. 2d 760 (1968). 'Merely telling a defendant that he is "entitled" to counsel will be a meaningless gesture, if he is not made aware that *free* counsel will be supplied if necessary.' " (quoting from *Commonwealth v. Ritchey,* 431 Pa. 269, 274-75, 245 A. 2d 446, 450 (1968) (emphasis added.) See also *Commonwealth v. Marsh,* 440 Pa. 590, 271 A. 2d 481 (1970) ; *State v. Darrien,* 10 Ore. 489, 500 P. 2d 738 (1972).

This Court in *Marsh,* supra, rejected purported warnings essentially identical to those given appellant here. "The interrogating police officer testified in pertinent part: '. . . he [Marsh] was told that he had the right to an attorney and if he could not afford one, one would be *obtained* for him.' We are not persuaded that this, in itself, fully apprized [sic] Marsh of his right to the assistance of *counsel without charge if he were indigent.*" 440 Pa. at 596, 271 A. 2d at 484 (emphasis added). Although this Court in *Marsh* held that the word "obtained" was insufficient to import to the indigent accused his right to counsel free of charge, the majority today holds that the word "provided" conveys this constitutionally mandated message. I cannot agree.

As the Ninth Circuit recently held in *Schram v. Cupp,* 436 F. 2d 692, 695 (9th Cir. 1970) (right to counsel at trial) : "Can a waiver of an indigent defendant's right to counsel . . . be sustained when the record . . . *affirmatively* shows that he was not contemporaneously *advised* that he had a right to *free counsel? We hold that it cannot:* An indigent defendant cannot be held to have intelligently and understandingly waived his right to counsel when he *was not then told* that he had a right to *such* counsel and none was supplied to him." (Emphasis added) (Citations omitted.)

This Court's opinions have been in total accord with the rationale set out in *Schram,* supra. We have repeatedly held that an indigent defendant, prior to *police questioning,*[1] at *trial,* at a *guilty plea hearing,* at *sentencing,* and on *appeal, must be explicitly advised* of his right to *free counsel* before he [the defendant] is permitted to effectively waive his Sixth and Fourteenth

---

[1] The only decision in this Commonwealth apparently to the contrary is *Commonwealth v. Ponton,* 450 Pa. 40, 299 A. 2d 634 (1972) (Mr. Justice O'BRIEN dissenting, joined by Mr. Justice ROBERTS and Mr. Justice NIX).

Amendment rights. See, e.g., *Marsh*, supra, (advisement of free counsel prior to police interrogation); *Commonwealth v. Herge*, 436 Pa. 542, 260 A. 2d 787 (1970) (advisement of free counsel on appeal); *Commonwealth v. Gist*, 433 Pa. 101, 249 A. 2d 351 (1969) (advisement of free counsel on appeal); *Commonwealth v. Hoffman*, 432 Pa. 340, 248 A. 2d 44 (1968) (advisement of free counsel at trial); *Dixon*, supra, (advisement of free counsel prior to police interrogation); *Commonwealth v. Zaffina*, 432 Pa. 435, 248 A. 2d 5 (1968) (advisement of free counsel on appeal); *Commonwealth v. Ezell*, 431 Pa. 101, 244 A. 2d 646 (1968) (advisement of free counsel on appeal); *Commonwealth v. Ritchey*, 431 Pa. 269, 245 A. 2d 446 (1968) (advisement of free counsel at hearing on guilty plea); *Commonwealth v. Wilson*, 430 Pa. 1, 241 A. 2d 760 (1968) (advisement of free counsel on appeal); *Commonwealth v. Stewart*, 430 Pa. 7, 241 A. 2d 764 (1968) (advisement of free counsel on appeal); *Commonwealth v. Hall*, 430 Pa. 163, 242 A. 2d 241 (1968) (advisement of free counsel on appeal); *Commonwealth v. Blose*, 430 Pa. 209, 241 A. 2d 918 (1968) (advisement of free counsel at trial); *Commonwealth v. Mumford*, 430 Pa. 451, 243 A. 2d 440 (1968) (advisement of free counsel on appeal); *Commonwealth ex rel. Mullins v. Maroney*, supra (advisement of free counsel at guilty plea hearing and at sentencing); *Commonwealth v. Dries*, 213 Pa. Superior Ct. 339, 247 A. 2d 791 (1968) (advisement of free counsel at guilty plea hearing).

However, the majority today holds that a defendant undergoing police interrogation (a critical stage of the proceedings at which counsel is constitutionally guaranteed, *Miranda*, supra) need not be explicitly and unambiguously advised that, if indigent, counsel will be appointed free of charge. Such an equivocal standard to test the constitutional validity of a purported waiver

of counsel is clearly contrary to at least fourteen prior decisions of this Court (cited herein). In the face of the prior holdings of this Court that a defendant must be advised of his right to free counsel, if indigent, prior to police interrogation, at trial, at a hearing on a guilty plea, at sentencing, and on appeal, to now conclude, as the majority does, that such a warning is unnecessary during custodial interrogation, is indeed a radical and retrogressive departure from well established constitutional doctrine. Where the warnings must be the clearest (during questioning conducted by a nonjudicial officer); the majority permits them to be the most uncertain. If the Constitution mandates that a defendant in a courtroom be advised that he has a right to free counsel, if indigent, then what rational basis exists for denying an accused undergoing police questioning that identical explanation?

The American Bar Association Standards Relating To Providing Defense Services fully embody the constitutional requirement that an accused be advised, pretrial, of his right to free counsel, if indigent:

"Explaining the availability of a lawyer.

"When a person is taken into custody or otherwise deprived of his freedom he should immediately be warned of his right to the assistance of a lawyer. This warning should be followed at the earliest opportunity by the formal offer of counsel, preferably by a lawyer, but if that is not feasible, by a judge or magistrate. *The offer should be made in words easily understood, and it should be stated expressly that one who is unable to pay for adequate representation is entitled to have it provided without cost to him.*" American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating To Providing Defense Services, §7.1 (Approved Draft, 1968) (emphasis added).

The Council of Judges of the National Commission on Crime and Delinquency had adopted a similar rule:

"When required by Rule 3, before any questioning occurs, a warning substantially as follows shall be given:

"(a) 'I would like to ask you some questions. You have a constitutional right not to say anything and not to answer any questions. If you do not say anything, your silence cannot be used against you.'

"(b) 'If you decide to talk you can stop any time you change your mind.'

"(c) *'You have a right to have a lawyer and to talk with him before you are questioned and to have him with you all during the questioning. If you cannot afford a lawyer, one will be provided for you without cost to you or your family.* Do you understand what I have told you? Have you any questions about what I have said?' (Emphasis added.)

"(d) 'Do you want to have a lawyer before you are questioned?' If the person being addressed says 'Yes,' no questioning may take place until he has a lawyer. If he says, 'No,' the officer shall say, 'Are you willing to be questioned?' If to this he answers 'No,' he may *not* be questioned." Council of Judges of The National Council on Crime and Delinquency, Model Rules of Court on Police Action from Arrest to Arraignment, Rule 4 (1969) (emphasis in original).

The majority, in addition to contorting the specific and well-defined dictates of *Miranda,* supra, totally ignores the well thought out and explicit guidelines promulgated by these two prestigious jurisprudential bodies.

I dissent not only because I believe that no effective waiver was, or could have been, obtained from appellant, who was not advised that, if indigent, counsel would be appointed free of charge, but also because the

word "provided", as contained in the police "warnings", was misleading and not in conformity with either the standards set out in *Miranda,* supra, or our Rules of Criminal Procedure.

As the Supreme Court said in *Miranda,* supra at 473, 86 S. Ct. at 1627: "In order fully to apprise a person interrogated of the extent of his rights under this system then, it is necessary to warn him not only that he has the right to consult with an attorney, *but also that if he is indigent a lawyer will be appointed to represent him."* (Emphasis added.)

It seems clear that a substantial connotative difference exists between the phrase *"We* [the police] will see that you have a lawyer *provided* to you . . .", as used in this case, and *"a lawyer will be appointed to represent* [you]", as mandated by *Miranda.* "One in appellant's position might well have concluded that a lawyer provided by the police would be of little value to one being questioned by the police." *Commonwealth v. Ponton,* 450 Pa. 40, 52, 299 A. 2d 634, 639 (1972) (Mr. Justice O'BRIEN dissenting, joined by Mr. Justice ROBERTS and Mr. Justice NIX). Such a warning is patently contrary to both the letter and spirit of *Miranda,* and cannot be held to be an "effective and express explanation" of an indigent accused's right to free, *court-appointed* counsel. See *Sites,* supra at 490, 235 A. 2d at 389.

The language used by the police in the instant case is not only contrary to that required by *Miranda,* it is also not in conformity with that implicitly required by Rules 318 and 318A of the Pennsylvania Rules of Criminal Procedure. These rules make it clear that an indigent accused is to be advised that free counsel will be *appointed by the court,* and not the police.[2]

---

[2] The application form for the assignment of counsel, contained in Rule 318A, specifically advises the defendant of his right to court-

Despite the obvious lack of clarity inherent in the warnings given here, the majority nonetheless finds that appellant *knowingly and intelligently,* with full knowledge of the scope of the rights involved, waived his constitutional right to free counsel during police interrogation. Although the majority so holds, it is interesting to note that the Federal Bureau of Investigation, since at least 1966 (*Miranda,* supra at 483, 86 S. Ct. at 1632), and the Philadelphia Police Department, since 1972, advise all defendants of their right to free counsel, if the defendant is unable to pay.[3] Obviously these law enforcement agencies are not as certain as the majority that an indigent defendant will know of his right to free counsel unless he is specifically so informed.

## II.

Every member of this Court affirmatively recognizes and concedes, as indeed we must, that the Constitution and decisions of this Court mandate that every person in police custody, prior to interrogation, be informed of his right to counsel, and if indigent, counsel appointed by the court without charge. This Court is unanimous too in its view that knowledge of this right to counsel (including the right to free counsel) must be expressly communicated to the detained individual. Thus, there is no disagreement on this Court as to the scope of the substantive rights involved or on the requirement that such rights be made known to the ac-

appointed free counsel: "Wherefore, petitioner prays: That this Honorable Court assign counsel to represent (him) (her) in the above entitled criminal cause of action without fee or cost to defendant."

[3] There is nothing to suggest that the explicit "free counsel" warnings have in any way adversely affected proper law enforcement.

cused. We do divide, however, on just what is required to make certain that the knowledge of the right to counsel (and free counsel, if indigent) is effectively *conveyed* to the person being held for interrogation.

It is almost too obvious to suggest that the best and simplest way to communicate that essential information is simply *to tell* the accused that he has the right to counsel, and if indigent, to court-appointed free counsel. Such a direct statement clearly satisfies the constitutional mandate of *Miranda,* supra, and leaves no room for assumption, conjecture or speculation as to whether there has been an adequate advisement of free counsel. This explicit warning would have the added virtue of reducing unnecessary burdens on the judicial process to determine, as here, whether the indigent accused was actually made aware of his right to free counsel, and then knowingly and intelligently waived it. All that would be required would be the explicit advisement of counsel free of charge, an advisement devoid of language which requires interpretation or construction. It makes no sense, and serves no interest of justice, to encourage litigation which can readily be avoided by the use of a simple and specific statement of the right to free counsel for those unable to pay.

The majority's holding, by refusing to require the use of the words "free counsel" in all *Miranda* warnings, will undoubtedly mislead many indigents into mistakenly letting "the cat out of the bag" pretrial. *United States v. Bayer,* 331 U.S. 532, 540, 67 S. Ct. 1394, 1398 (1947). In so doing, the professional ability of subsequent counsel to do more than challenge the validity of the confession will be "realistically and effectively limited." *Commonwealth v. Moses,* 446 Pa. 350, 366, 287 A. 2d 131, 139 (1971) (Mr. Justice ROBERTS dissenting, joined by Mr. Justice O'BRIEN). The Supreme Court in *Miranda* envisioned this and similar

situations when it stated: "Without the protections flowing from adequate warnings and the rights of counsel, 'all the careful safeguards erected around the giving of testimony, whether by an accused or any other witness, *would become empty formalities*, in a procedure where the most compelling possible evidence of guilt, a confession, would have already been obtained at the unsupervised pleasure of the police.'" *Miranda v. Arizona*, supra at 466, 86 S. Ct. at 1624 (quoting from *Mapp v. Ohio*, 367 U.S. 643, 684, 81 S. Ct. 1684, 1707 (1961) (HARLAN, J., dissenting) (emphasis added)).

I am unable to understand the majority's unwillingness to require a direct statement which contains the simple and clear words "free of charge" or "counsel at no cost." Nor am I able to understand the majority's preference for the use of inexact and nonexplicit language which almost designedly avoids the words "free counsel," "counsel free of charge", or "counsel at no cost." Why should a court encourage the use of indistinct language, with all of its attendant hazards and uncertainties, when simple and direct words are available to convey to the indigent accused his right to free counsel? Common sense and fair play require that it should not.

"Words after all are symbols, and the significance of the symbols varies with the knowledge and experience of the mind receiving them." *Cooper v. Dasher*, 290 U.S. 106, 109, 54 S. Ct. 6, 7 (1933) (CARDOZO, J.). Why should the detained indigent not be told, in simple words, that which he is constitutionally entitled to know? Simple and explicit language is indeed the language of truth and understanding, and in this case, the language of justice.

I dissent and would reverse the judgment of sentence and remand for a new trial.

Mr. Justice O'BRIEN joins in this dissenting opinion.