## Jenkins Appeal.

502

Argued June 16, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Lois G. Forer,* attorney-in-charge, with her *Ronald M. McCaskill,* Staff Attorney, and *Almanina Barbour,* Senior Attorney, of Community Legal Services, Inc., for appellant.

*Edwin D. Wolf,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 15, 1967:

On February 6, 1967, appellant, John Jenkins, age seventeen, was arrested at his place of employment and charged with the offense of assault and battery, aggravated assault and battery and assault with intent to kill.

A hearing was held on February 10, 1967, before the Honorable JOHN R. MEADE in Juvenile Court. After much testimony had been taken, the court made no order but, on its own motion, continued the hearing so that appellant might be represented by counsel. At a second hearing, held on March 2, 1967, appellant was represented by the Community Legal Services Inc. Following this hearing, appellant was adjudicated delinquent and committed to the State Correctional Institution at Camp Hill.

Appellant filed a petition for rehearing pursuant to §15 of the Juvenile Court Law, Act of June 2, 1933, P. L. 1433, §15, 11 P.S. §257, on March 7, 1967. This petition alleged, in substance, that the adjudication was not sustained by the weight of the evidence and was based upon evidence which was not credible. On March 23, 1967, the lower court dismissed the petition, thus denying a rehearing.

We agree with appellant's argument that the court erred in denying his petition for rehearing. Such a rehearing is mandated by §15 of the Juvenile Court Law, 11 P.S. §257, which provides in pertinent part: "Within twenty-one (21) days after the final order of any judge of the juvenile court, committing or placing any dependent, neglected or delinquent child, such child shall, as a matter of right, by his or her parent or parents or next friend, have the right to present to the court a petition to have his or her case or cases reviewed and reheard, if, in the opinion of such parent, parents, or next friend, an error of fact or of law, or of both, has been made in such proceedings or final order, or if the said order has been improvidently or inadvertently made.

"Upon the presentation of such petition, the court shall grant such review and rehearing as a matter of right. The testimony at such reviews and rehearing shall be taken down and transcribed by an official

court stenographer, which testimony shall be duly made a part of the record in such case."

The Commonwealth argues, in opposition to this petition, that the statute does not require the granting of a rehearing. This argument, however, ignores the specific language of the statute which provides that "the court shall grant such review and rehearing as a matter of right." As our holding in *Rinker Appeal,* 180 Pa. Superior Ct. 143, 117 A. 2d 780 (1955), indicates the lower court *must* grant review and rehearing when requested within twenty-one days of the final order.[1]

The Commonwealth's second contention is that appellant has already had two hearings, one on February 10, 1967, and a second on March 2, 1967. This argument, however, again ignores the specific provision of §15 which provides that an accused has a right to petition for a rehearing "Within twenty-one (21) days after the final order. . . ." In this case, no order was entered until after the March 2 hearing. Consequently, appellant's right to a re-hearing under the statute arose only at that time. The Commonwealth's position, if adopted, would have required that the defend-

---

[1] There is a suggestion in *Rinker Appeal,* supra, and in *Weintraub Appeal,* 166 Pa. Superior Ct. 342, 71 A. 2d 823 (1950), that the rehearing was designed, in part, to provide a proper record for review in those circumstances in which a court stenographer may not have been present at the first hearing. We recognize the validity of this analysis, in light of the informed procedures which have existed in many counties in our Commonwealth. Nonetheless, even if the court stenographer was present at the initial hearing, so that a proper record may have been made at that time, an accused still retains his right to a rehearing under §15 of the Juvenile Court Law. Thus, in *Rinker Appeal,* supra, the defendant was present at the first hearing; she was represented by counsel who examined and cross-examined witnesses; an official court stenographer took down and transcribed the testimony. Nonetheless, we found that she was entitled to a rehearing.

ant seek review and rehearing of the order. before such order had even been entered.

In our opinion, the Commonwealth's difficulty with this case arises from a misconception of the purposes of §15 of the Juvenile Court Law. This provision was not designed simply to afford the appellate courts an adequate record for review.[2] It was also designed to assure that the utmost care and consideration would be given by the Courts in any proceeding affecting a juvenile. The Court's special responsibility in dealing with juveniles demands careful consideration to assure that harm will not result from an unwise adjudication. It is this fundamental, moral obligation which underlies and supplies the true basis for the rehearing provisions contained in §15 of the Juvenile Court Law.

Thus, at rehearing the defendant is not restricted to the narrow issues of whether there were technical errors of law or fact. He may, in addition, argue that "the said order has been improvidently made." It clearly appears from the language of the statute that the legislature intended that great latitude be afforded the petitioning party so that the court might ultimately make a decision which serves the best interests of both the child and society. We cannot agree, therefore, with the Commonwealth's position which would restrict or limit the accused's right to a rehearing.

Our decision today, however, should not be construed as holding that the petitioning party is entitled to a hearing de novo. On several occasions we have decided that where a full hearing has been held and an order made, a review and rehearing is not in the nature of a new trial with the Court's order vacated or set aside. Both the Commonwealth and the petitioner may rely on the record made at the first hear-

---

[2] See footnote 1.

ing. *Weintraub Appeal*, supra; *Rinker Appeal*, supra.[3]

Conversely, both the Commonwealth and the petitioner have the right to present additional evidence if they so desire, *Rinker Appeal*, supra. In an attempt to present additional evidence, the petitioner may call new witnesses, recall earlier witnesses, or even bring back Commonwealth witnesses for further cross-examination. Even if petitioner relies solely on the record made at the first hearing, however, he is entitled under §15 of the Juvenile Court Law to a review and rehearing at which he may attempt to convince the court that it erred or acted unwisely.

Two other issues are raised on appeal by appellant. These are: (1) that the adjudication should be reversed because the Juvenile Court was without authority to conduct the hearing on February 10, 1967; and (2) that the adjudication of delinquency was against the weight of the evidence. In light of our decision today remanding this case for a rehearing in accordance with the provisions of §15 of the Juvenile Court Law, we will not pass upon these issues until the lower court has had an opportunity to do so.

The order of the lower court is vacated and the record is remanded for a rehearing in accordance with the requirements of §15 of the Juvenile Court Law.

---

[3] It should be clear by now, however, that the Commonwealth may not rely on the evidence from the first hearing, unless the juvenile was afforded the full constitutional safeguards of due process enumerated in *In re Gault*, 384 U.S. 1 (1967), at that hearing. Thus, the juvenile should have had the right to be represented by counsel; the right of confrontation and cross-examination; and the right to be free from self-incrimination. If the juvenile was denied such rights at the first hearing, naturally, the evidence adduced at that hearing could not be introduced into evidence and a complete new hearing would be required.