## Commonwealth v. Wagner

Kenneth E. Fox, Jr., District Attorney, for Commonwealth.

Alfred V. Papa, for defendant.

LYON, J., June 6, 1969.—Before the court for determination in this juvenile court proceedings is a motion to suppress a confession. The law requires that the motion be allowed.

Defendant is John Darrell Wagner, age 17, who resides at R. D. #3, Volant, in Lawrence County, Pa. He was charged before Mahoning Township Justice of the Peace, Muriel Carothers, with violation of The Vehicle Code of April 29, 1959, P. L. 58, sec. 1027. This act requires the operator of any vehicle involved in an accident to stop at the scene, to identify himself and if necessary to render assistance.

The criminal charges come as a result of an accident occurring on August 25, 1968, between a motor vehicle proceeding eastwardly on Route 208 and an Amish buggy occupied by two girls and a boy which was proceeding in the same direction. State Police Officer John Robert Capriotti investigated the accident. He found the Amish buggy pushed off the highway into a ditch and that the motor vehicle, which had fled without stopping, carelessly dropped two of its damaged chrome parts at the scene of the accident. The trooper also obtained a description of the hit and run vehicle.

Several months later while on routine highway patrol, Trooper Capriotti fortuitously came upon an automobile fitting the description. He alertly discerned the license plate number which subsequent investigation showed to be registered in the name of Walter Wagner of R. D. 3, Volant, Pa. The trooper then secured a warrant to search for possible damaged and missing parts which belonged to the suspected

vehicle. Armed with the warrant, the trooper proceeded to the Wagner residence where he learned that although the vehicle was registered in the name of Walter Wagner it was used almost exclusively by his son, John Darrell Wagner, and had been damaged while in the son's custody at about the time of the accident being investigated.

Defendant, John Darrell Wagner, who was absent from home when Trooper Capriotti arrived, appeared and in due course allegedly admitted that he was the driver of the vehicle which struck the buggy and that thereafter he did not stop, identify himself or render assistance. It is this confession which he now wants suppressed.

Under Miranda v. Arizona, 384 U.S. 436, 16 L. Ed. (2d) 694, 86 S. Ct. 1602 (1966), the burden is upon the Commonwealth to prove that an uncounseled defendant made a knowing and intelligent waiver of the assistance of counsel before making his statement to the police. The United States Supreme Court has stated: ". . . unless and until such [Miranda] warnings and waiver are demonstrated by the prosecutor at trial, no evidence obtained as a result of interrogation can be used against him": Miranda v. Arizona, supra. As a matter of law, there can not be a finding of a knowing and intelligent waiver of the right to counsel unless the accused shall have been explicitly informed that he is entitled to free counsel if he is indigent: Commonwealth v. Hoffman, 432 Pa. 340, 248 A. 2d 44 (1968); Commonwealth v. Ritchey, 431 Pa. 269, 245 A. 2d 446 (1968); Commonwealth v. Blose, 430 Pa. 209, 241 A. 2d 918 (1968); Commonwealth ex rel. Mullins v. Maroney, 428 Pa. 195, 236 A. 2d 781 (1968). The Commonwealth concedes that the record fails to demonstrate full Miranda warnings since there appears no recorded evidence that defendant was advised of his right to free counsel if indigent.

An exception to the stated general rule was pointed out in Commonwealth v. Dixon, 432 Pa. 423, 248 A. 2d 231 (1968), where it was held that the warning of the right to free counsel need not be given where the evidence clearly establishes that defendant was known to have an attorney at the time or was known to have ample funds to secure one. But in the present case there is not a scintilla of evidence concerning either defendant's economic ability to hire counsel or his representation by an attorney and for this reason effect must be given to the general rule requiring exclusion of a confession where no previous warning of the right to free counsel is demonstrated: Commonwealth v. Hoffman, supra; Commonwealth v. Ritchey, supra.

The Commonwealth apparently admits the correctness of the foregoing legal conclusions in a case where the Miranda warnings are required, but contends that the Miranda warnings were not obligatory in the present case for two reasons: (1) Miranda does not operate on juvenile court proceedings, and (2) Miranda warnings were not required by the circumstances accompanying the confession. We shall consider these contentions seriatim.

I.

### JUVENILE COURT

The U. S. Supreme Court in the case of In re: Gault, 387 U.S. 1, 18 L. Ed. (2d) 527, 87 S. Ct. 1428 (1967), stated: "We do not in this opinion consider the impact of these constitutional provisions upon the totality of the relationship of the juvenile and the state. We do not even consider the entire process relating to juvenile 'delinquents'. For example, we are not here concerned with the procedures or constitutional rights applicable to the pre-judicial stages of the juvenile process, nor do we direct our attention to the post-adjudicative or dispositional process." Interpretation of the foregoing generic language of Gault has caused

respectable authority to conclude that Miranda is inapplicable to the prejudicial stage of a juvenile court proceedings. Respectable authority also has opined to the contrary and no Pennsylvania appellate court decisions applying or discussing Gault appear to have considered the question: Freeman Appeal, 212 Pa. Superior Ct. 422, 242 A. 2d 903 (1968) ; Jenkins Appeal, 210 Pa. Superior Ct. 501, 234 A. 2d 49 (1967).

It is our conclusion that the better reasoned cases hold Miranda to be operative at a prehearing stage of a juvenile court proceedings: In re Creek, 3 Cr. L. 2258 (D.C. Ct. App.; 1968). The cases so holding are more compatible with the logic and philosophy of the recently decided U. S. Supreme Court cases interpreting the constitutional rights of those suspected or accused of crime. It would indeed be surprising if such rights were available to hardened criminals but not to children. The right to counsel and the privilege against self-incrimination are, of course, related to the question of safeguards necessary to assure that admissions or confessions are reasonably trustworthy, and that they are not the fruits of fear or coercion, but are reliable expressions of the truth. In our view children are particularly susceptible to the harmful influences causing admissions or confessions to be untrustworthy and are therefore acutely in need of protection against such deleterious pressures and stress which is afforded in some degree by the Miranda warnings.

The Miranda warning requirements are bottomed upon the Fifth and Sixth Amendments to the Federal Constitution. The language of the two amendments, applicable to the states by operation of the Fourteenth Amendment, is unequivocal and without exception. It is clear that the availability of such rights does not turn upon the type of proceedings in which the protection is invoked, but upon the nature of the statement or admission and the exposure which it invites: Kent

v. United States, 383 U.S. 541, 16 L. Ed. (2d ) 84, 86 S. Ct. 1045 (1966).

## II

### WHEN MIRANDA WARNING IS REQUIRED

In two recent cases the Pennsylvania Supreme Court considered and determined at what point in an investigation a person was entitled to receive Miranda warnings: Commonwealth v. Bordner, 432 Pa. 405, 247 A. 2d 612 (1968) ; Commonwealth v. Leaming, 432 Pa. 326, 247 A. 2d 590 (1968). These cases promulgate the rule that where a person is interrogated by police while they are engaged in a general fact-finding process and are still questioning others, the person questioned is not entitled to any warnings of his constitutional rights. But where the person is interrogated by the police at a time when the focus of investigation has settled upon him as the perpetrator of the crime, the police are bound to fully and adequately warn the accused of his constitutional rights. In Commonwealth v. Bordner, supra, at page 419, it was further stated: ". . . freely volunteered statements are not affected by Miranda and Escobedo, (Miranda, p. 478, Commonwealth v. Jefferson, 423 Pa. 541, 545, 226 A. 2d 765 (1965) ) . . ."

Although the Commonwealth apparently concedes that the confession was not a freely volunteered statement, nevertheless, it does assert that Miranda is inapplicable in the present case because, according to the Commonwealth, the confession was given by defendant before the focus of investigation centered upon him. We disagree. Even though the search warrant was issued in the name of defendant's father, Walter Wagner, it is plain that the focus of Trooper Capriotti's investigation was directed toward defendant by the father's explanation that his son was the driver of the vehicle when it was damaged at about the time of the

accident. This conclusion is substantiated by the evidence appearing on page 6 of the record where Trooper Capriotti stated: "I told Mr. Wagner, the defendant, that I was here to investigate an accident, and that I believed him to be part of it."

From the foregoing discussion and citations of authority, it is apparent that defendant's confession must be suppressed and excluded from the evidence of delinquency in the juvenile court hearing.

## ORDER

And now, June 6, 1969, it is ordered, adjudged and decreed that the confession of defendant be, and hereby is, suppressed and excluded from the evidence of delinquency in the juvenile court hearing.