## Commonwealth v. Chase (No. 2)

*Robert C. Lear*, District Attorney, for Commonwealth.

*Ronald B. Vican* and *Charles P. Eyer*, for defendant.

WILLIAMS, *P. J.*, March 11, 1975—Petitioner, a juvenile of the age of 17 years, has been charged with committing the crime of criminal homicide, which includes murder of the first, second and third degrees. He was arrested and preliminarily arraigned before a district justice of the peace. Later, at the time fixed for preliminary hearing, with counsel present, he waived preliminary hearing and has been bound over for grand jury action.

He has petitioned this court to transfer the proceedings to the Juvenile Court until such time as the Juvenile Court should properly transfer the case to the adult criminal court.

His legal position is that the Commonwealth's testimony as to him relates only to a felony murder and not as a direct participant in a killing; that, as a juvenile, he is presumed to be incapable of the offense of a felony murder until this presumption is overcome, after due and proper proceedings in Juvenile Court.

Counsel states to the court he wishes the issue raised by the petition to be determined as a matter of law, without the taking of testimony.

## DISCUSSION

The Juvenile Act of December 6, 1972, P.L. 1464, (No. 333), sec. 28, 11 P.S. §50-325, deals with the transfer of a juvenile proceeding to the criminal courts, after a petition has been filed charging delinquency. Clause (e) provides:

"(e) Where the petition alleges conduct which if proven would constitute murder, the court shall require the offense to be prosecuted under the criminal law procedures except where the case has been transferred from the criminal court pursuant to Section 7 of this act."

Section 7, 50 P.S. §303, deals with a situation where during criminal proceedings *other than* *murder* it appears that the defendant is a child, the court is required to halt the proceedings, assign the case to a juvenile judge who must conduct a juvenile hearing. The act provides that "if it appears to the court in a criminal proceeding charging murder, that the defendant is a child, the case *may* similarly be transferred and the provisions of this act applied."

The section further provides:

"If in a criminal proceeding charging murder the

child is convicted of a crime less than murder, the case *may* be transferred to the Family Court Division *or* to a judge assigned to conduct juvenile hearings for disposition." (Emphasis supplied.)

There is nothing in either section 28 or section 7 of the Juvenile Act which mandates the court to hold a juvenile hearing where the charge is murder. Section 28 deals only with a situation where the proceeding is initiated by the filing of a petition alleging delinquency. Since the present prosecution was initiated by arrest on a warrant issued by a district justice of the peace, section 28 has no bearing on the issue before us.

Section 7 deals with the situation where a juvenile is a defendant in a criminal proceeding. The contents of this section shows a clear legislative intent to distinguish between a situation where a juvenile is charged with murder and where he is charged with any other criminal offense. Where the charge is not murder, section 7 mandates a juvenile hearing before prosecution may proceed in the criminal courts. Where the charge is murder, the section *permits* but *does not require*, a juvenile hearing before prosecution in the criminal courts.

Moreover, if the court should hold a juvenile hearing, and a prima facie case of murder is established, the juvenile judge *must* then certify the case to the Criminal Division. The court has no alternative to do otherwise under the decisions of the Pennsylvania Supreme Court.

In Commonwealth v. Rice, Appellant, 456 Pa. 90 (1974), the Supreme Court rejected the argument that under the Juvenile Act then in effect, an action against a juvenile be exclusively initiated against a juvenile as a certification hearing: page 92. Section 6(1) of the 1972 Juvenile Act provides that com-

mencement of juvenile proceedings may be commenced:

"(1) By transfer of the case as provided in Section 7."

As pointed out heretofore, section 7 deals with a transfer to the Juvenile Court, after criminal proceedings have been instituted against a juvenile. Under the present, as well as the prior Juvenile Act, juvenile jurisdiction over a child may be initiated either by transfer of a criminal proceeding or by petition alleging delinquency. When the charge is murder, a juvenile hearing is not mandatory but permissible.

If a juvenile hearing is held, the sole power of the court is to determine whether the evidence before the court establishes a prima facie case of murder. If so, then the court must certify the proceedings to the Criminal Court for trial.

As said by Mr. Justice Roberts in Commonwealth v. Rice, supra, pages 93-4:

"Moreover, appellant correctly concedes that once he was indicted, he could be tried only in the court of common pleas. Indeed, had the magistrate initially transferred the preliminary hearing to juvenile court, the juvenile court in turn would have no alternative but to do exactly what the committing magistrate did—return the case for further proceedings in criminal court. Commonwealth v. McIntyre, 435 Pa. 96, 254 A. 2d 639 (1969); Gaskins Case, 430 Pa. 298, 244 A. 2d 662, cert. denied, 393 U.S. 989, 89 S. Ct. 470 (1968). See also Commonwealth v. Schmidt, 452 Pa. 185, 299 A. 2d 254 (1973)."

Here, the magistrate held a preliminary hearing on March 6, 1975, at which the juvenile and his

counsel appeared and voluntarily waived a preliminary hearing. Counsel stated orally to the court that he does not want this court to sit as a committing magistrate in a juvenile hearing, to determine whether the Commonwealth is able to establish a prima facie case of murder. He contends that the Commonwealth cannot prove that the juvenile committed first degree murder. That the murder charge relates only to Commonwealth evidence that may establish a felony murder.

The petition further alleges that the juvenile was born March 14, 1957 and was 17 years of age at the time the alleged offense was committed on January 24, 1975, and that under the law, at least until otherwise established, the juvenile lacks the felonious intent to support a charge of felony murder, which is now second degree murder under the Crimes Code. The petition to transfer alleges in paragraph 5 that petitioner believes that Commonwealth's evidence of homicide as to him, if believed in its entirety, shows that he was not a direct participant in a killing but relates exclusively to a felony murder. Whether this be true, we do not know. The legal issue presented here is whether a juvenile may be tried in a criminal court for a felony murder only after his case has been heard in a juvenile hearing and the case transferred to the criminal court.

Sections 7 and 28 of the Juvenile Act use only the word "murder." No attempt is made to distinguish between the degrees of murder.

Neither the language of section 7 nor section 28 of the Juvenile Act supports petitioner's contention.

The plain import of both sections is that murder of any degree is an exception to the requirement that before a juvenile may be tried in a criminal court, he is entitled to a hearing before a juvenile judge.

In Commonwealth v. Frisby, 451 Pa. 16 (1973) cited in petitioner's brief, a juvenile was certified over to the Criminal Court on a felony murder charge, the killing having occurred in the perpetration of a robbery. He was convicted of murder in the first degree, robbery and burglary. On appeal, it was contended that the court erred in giving instructions relating to felony murder. It was argued that the robbery or burglary was nothing more than an act of juvenile delinquency due to appellant's age and, therefore, not felonious under the felony murder rule, the same argument made by petitioner. The Supreme Court stated, page 19:

"We do not agree. Once a juvenile is certified to adult court, he can and is treated in the same manner as an adult so far as his capacity to commit a crime is concerned. Commonwealth v. Zietz, 364 Pa. 294, 72 A. 2d 282 (1950)."

The issue in Frisby differs from the issue here present to the extent that in Frisby there was a certification, while here the district justice of the peace held petitioner for grand jury action.

We see no force to the argument that a juvenile is presumed to lack the capacity to form the felonious intent to commit a felony murder. Such a position is contrary to the law of Pennsylvania. Petitioner was approximtely 17 years and ten months of age when the alleged murder took place. At such age he is presumed to have the capacity to commit any crime. In Commonwealth v. Zietz, 364 Pa. 294, 301 the court said:

"Appellant complains of the court's saying to the jury that 'Youth alone does not excuse them [defendants] from responsibility for their acts.' As a legal proposition that statement was undoubtedly correct for it has always been the law that all per-

sons above the age of fourteen are presumed to possess the capacity to commit any crime: 'All of the authorities state that "When the child reaches fourteen, any special immunity or presumption of incapacity ceases, and the infant is practically an adult in the eyes of the criminal law." ' "

There are no factual averments in the petition to transfer which show that petitioner in fact suffers from any incapacity to formulate a felonious intent.

Petitioner relies on what he asserts is a presumption of law, that being a juvenile, he is, per se, presumed to lack such capacity. No such presumption exists in the law of Pennsylvania. In fact, the law declares that an exactly opposite presumption exists, that he possesses the capacity to commit any crime.

We find no merit in petitioner's petition.

## ORDER

And now, March 11, 1975, the petition to (1) halt the criminal proceedings against petitioner, (2) to immediately transfer juvenile's case to Juvenile Division until such time as it is transferred to the Criminal Division, (3) to impound proceedings while the application to transfer is pending, is denied.